DAREK ZAK, d/b/a Darek General Contractors, Plaintiff-Appellant, v. MIKE ALLSON, Defendant (Anthony Tinghino, d/b/a Merit Construction Company, Defendant-Appellee).

First District (4th Division) No. 1—92—2647

Opinion filed August 26, 1993.—Rehearing denied November 15, 1993.

Richard J. Brzeczek, of Chicago, for appellant.

Richard M. Colombik & Associates, P.C., of Des Plaines (Alan Pearlman, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:
The plaintiff, Darek Zak, filed the instant action against the defendants, Mike Allson and Anthony Tinghino, d/b/a Merit Construction Company (Merit), a partnership, seeking damages for breach of contract. On motion of the defendant, Tinghino, invoking the doctrine of *res judicata*, an order was entered dismissing this action with prejudice. The plaintiff has appealed, but, for the reasons which follow, we are compelled to dismiss his appeal for want of jurisdiction.

PROCEDURAL HISTORY
On June 19, 1991, the plaintiff filed a single-count complaint seeking recovery against the defendants, Allson and Tinghino. Service of process was effectuated upon Tinghino on July 3, 1991.

There is no indication that Allson was ever served or that any summons was ever placed for service upon him.

On July 22, 1991, Tinghino filed his *pro se* appearance and a motion to dismiss. Thereafter, on July 31, 1991, he filed a *pro se* answer, affirmative defense, and counterclaim.

On January 21, 1992, a motion to dismiss invoking the doctrine of *res judicata* was filed on behalf of Tinghino, d/b/a Merit, by an attorney.

On March 4, 1992, an order was entered striking all of Tinghino's previously filed *pro se* pleadings and motions and setting a briefing schedule on the motion of January 21, 1992.

On March 18, 1992, the attorney that filed the motion of January 21, 1992, filed an appearance on behalf of Tinghino.

On June 11, 1992, the trial court entered an order granting Tinghino's motion to dismiss. The plaintiff appeals from this order.

OPINION

A reviewing court has an obligation to examine its jurisdiction and to dismiss an appeal if it determines that it lacks the requisite jurisdiction (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 490 N.E.2d 1252), even if neither party to the appeal has raised the issue (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 470 N.E.2d 290; *Greer v. Yellow Cab Co.* (1991), 221 Ill. App. 3d 908, 582 N.E.2d 1292).

The order which is the subject of this appeal was entered in response to a motion filed on behalf of Tinghino, d/b/a Merit, which invoked the doctrine of *res judicata*. The defense of *res judicata* is procedural in nature in that it acts as a bar to a plaintiff's right to a remedy; it is not a substantive bar which prevents a cause of action from accruing in the first instance. The defense can be waived. *Caporale v. Shannon Plumbing Co.* (1974), 20 Ill. App. 3d 511, 314 N.E.2d 540; *Hardware Dealers Mutual Fire Insurance Co. v. Ross* (1970), 129 Ill. App. 2d 217, 262 N.E.2d 618.

The plaintiff's complaint in this case sought recovery from both Allson and Tinghino. It alleged that the plaintiff entered into a contract with the defendants. The contract attached to the complaint purports to have been executed by Allson as a partner in Merit. The motion that led to the order which is the subject of this appeal was filed on behalf of Tinghino, d/b/a Merit; the motion did not mention Allson. The prior proceeding upon which Tinghino's motion was based was an action brought by Tinghino, d/b/a Merit, and no mention was made of Allson in that action.

As indicated earlier, the record on appeal does not indicate that a summons was ever served upon Allson or that the court otherwise obtained jurisdiction over him. Allson never filed an appearance and no appearance was ever filed on his behalf. Allson has never invoked the defense of *res judicata* and it is not clear from the record what connection, if any, he had with the prior action which formed the basis of Tinghino's motion.

Supreme Court Rule 304(a) provides that no appeal may be taken from a final judgment as to one or more but fewer than all the parties to an action unless the trial court has made an express written finding that there is no just reason for delaying the enforcement of or appeal from its order. (134 Ill. 2d R. 304(a).) Absent such a finding, any judgment that adjudicates the rights and liabilities of fewer than all the parties is not appealable. *Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 508 N.E.2d 324.

In the instant case, the plaintiff sought relief against two defendants, Allson and Tinghino. Tinghino was served, he appeared, and he moved to dismiss the action. It was his motion that resulted in the order from which the plaintiff has appealed. Allson was never served, he never appeared, and no relief was sought on his behalf. Allson is still a defendant and a party within the context of Rule 304(a). (See *Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 409 N.E.2d 447.) The order of June 11, 1992, which is the subject of this appeal, does not contain the finding required under Rule 304(a). Consequently, until such a finding is made or until this action is terminated as to Allson, we lack the jurisdiction to review the order of June 11, 1992.

Appeal dismissed.

JIGANTI, P.J., and JOHNSON, J., concur.