LEIGH SHANKLIN, Plaintiff-Appellant, v. JOHN HUTZLER *et al.,* Defendants (J. Elmes *et al.,* Respondents in Discovery-Appellees; Ingalls Memorial Hospital *et al.,* Respondents in Discovery).

First District (1st Division) No. 1—93—3014

Opinion filed December 26, 1995.

William J. Sneckenberg & Associates, of Chicago, and Whalley & Kuchaes, of Merrillville, Indiana (William J. Sneckenberg and Marshall P. Whalley, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Ruth E. VanDemark and Timothy G. Nickels, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Leigh Shanklin appeals an order of the circuit court of Cook County denying plaintiff's motion for leave to amend her complaint and convert respondents in discovery James P. Elmes, M.D., and James P. Elmes, M.D., Ltd. (Elmes Ltd.), into defendants in a personal injury action. Defendant John Hutzler and respondents in discovery Ingalls Memorial Hospital (Ingalls), E. Winter, M.D., J. Lohan, R.N., Edward Unger, M.D., A.J. Browner, M.D., and B. Mooney, G.P.T., are not parties to this appeal.

■ The record on appeal indicates the following facts. On December 6, 1991, plaintiff filed an unverified complaint against defendant Hutzler and defendant John Doe which also named the aforementioned medical care providers as respondents in discovery pursuant to section 2—402 of the Illinois Code of Civil Procedure (735 ILCS 5/2—402 (West 1992)). Section 2—402 provides in relevant part as follows:

"§ 2—402. Respondents in discovery. The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.

\* \* \*

A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." 735 ILCS 5/2—402 (West 1992).

The complaint alleged that shortly before December 7, 1989, Hutzler, who resided in a separate condominium unit of plaintiff's building, violated a duty owed to his fellow residents by using unsafe electrical devices in his unit, thereby causing a fire that spread through the building, resulting in property damage and personal injury to the plaintiff. In particular, the complaint alleged that plaintiff suffered a trimalleolar fracture of the left lower extremity.

Plaintiff's complaint then details medical care she received for this fracture from the respondents in discovery. The complaint alleges that Dr. Elmes provided "consulting orthopedic services" and "performed an open reduction and internal fixation operation" on plaintiff. The complaint also alleges that after plaintiff was discharged from the hospital, she received follow-up treatment and evaluation from Dr. Elmes at the offices of James P. Elmes, M.D., Ltd. The complaint further alleges that plaintiff has continued to suffer with extreme mental and physical pain, has undergone several remedial surgeries and therapies, but remains permanently injured. The complaint attributes these continuing injuries at least in part to the

negligence of John Doe and seeks discovery from the respondents in order to determine whether a cause of action exists against any or all of them.

The record includes a letter dated December 5, 1990 (approximately one year after the injury and one year before the filing of the complaint), from plaintiff to Ingalls requesting a complete copy of her medical records regarding her confinement from December 6, 1989, through December 13, 1989. The letter appears to be stamped with the date of December 12, 1990. The letter also appears to be stamped "ALL AVAILABLE INFORMATION SENT."

Dr. Elmes was served on January 12, 1992. From January 1992 through May 1992, plaintiff sought and received discovery materials, including the taking of depositions, from the respondents in discovery, including Dr. Elmes.

On June 4, 1992, plaintiff sought leave to file a first amended complaint converting Ingalls, Dr. Elmes and Elmes Ltd. into defendants, pursuant to section 2—402. The motion stated:

"That the requirements of said statute and case law have been met by Plaintiff in that this motion has been filed within six (6) months of the filing of Plaintiff's Complaint against these Respondents in Discovery and that Plaintiff is, and will at the hearing of this matter, demonstrate probable cause to convert those Respondents in Discovery to Defendants by way of the attachment and incorporation of Plaintiff's First Amended Complaint and by producing at the hearing on this matter pertinent portions of the medical records, x-rays and other evidence obtained through discovery."

The record indicates that a copy of the original unverified complaint was attached to the motion. It appears that a proposed first amended complaint was not attached to the motion.

On August 11, 1992, Dr. Elmes joined in Ingalls' motion to dismiss, which was attached to Dr. Elmes' motion, though the location of the original Ingalls motion is not provided by the parties. The attached motion alleges that plaintiff failed to obtain leave of court or probable cause to convert Ingalls into a defendant within the applicable statute of limitations, as extended by section 2—402. On August 28, 1992, the trial court entered an order granting Ingalls' "ORAL" motion to dismiss. Plaintiff did not appeal that dismissal.

On September 1, 1992, plaintiff filed a three-count first amended complaint without leave of court. Count I was brought against Hutzler and largely repeated the allegations of the initial complaint. Count II was brought against Dr. Elmes, alleging negligence both in the initial surgery and the follow-up treatment provided to plaintiff.

Count III was brought against Elmes Ltd. based on the theory of *respondeat superior.*

Two affidavits were attached to the first amended complaint. The first was signed by an orthopedic surgeon, Ian B. Fries, M.D. In the affidavit, Dr. Fries states that Dr. Elmes breached the applicable standard of care owed to plaintiff, causing substantial and permanent injury to the plaintiff. The second affidavit was executed by plaintiff's counsel, who attested that he had spoken with other physicians and that both he and Dr. Fries had determined that there was reasonable and meritorious cause for filing the action.

The trial court ultimately heard plaintiff's motion to convert and respondents' motion to dismiss on April 19, 1993. The transcript of this hearing indicates that the trial court stated that plaintiff filed her complaint on December 6, 1991, one day before the statute of limitations expired on December 7, 1991. The trial court stated that plaintiff filed her motion to convert on June 4, 1992, two days before the expiration of the six-month extension provided by section 2—402. The trial court concluded that plaintiff had met the procedural requirements of section 2—402 relating to timeliness and notice of the motion to convert.

However, the transcript indicates that the trial court also concluded that plaintiff was required to file her probable cause materials within the six-month time period specified in section 2—402 and that the affidavits of Dr. Fries and plaintiff's attorney did not establish probable cause. The transcript indicates that plaintiff's attorney raised a question as to whether the statute of limitations had run; the trial court indicated that plaintiff could raise the issue in a motion to reconsider. Accordingly, the trial court entered an order denying plaintiff's motion to convert and granting respondents' motion to dismiss.

On the afternoon of April 19, 1993, plaintiff filed with the court volumes of discovery materials which had been presented during that morning's hearing. Plaintiff also filed a verified first amended complaint without leave of court at that time. The verified first amended complaint included allegations that plaintiff did not have reason to know of Dr. Elmes' negligence until November 1990, thus extending the statute of limitations to November 1992.

On April 27, 1993, plaintiff filed a "Renewed Motion for Leave to File Verified Second Amended Complaint Converting Certain Respondents to Defendants," which was largely similar to plaintiff's prior pleadings. On April 29, 1993, plaintiff filed another affidavit by Dr. Fries in support of the motion to convert. The new affidavit was largely similar to Dr. Fries' prior affidavit, except that it contained

allegations of specific failures of Dr. Elmes that Dr. Fries believed were negligent.

On May 17, 1993, plaintiff filed her motion to reconsider. The trial court heard the motion to reconsider on July 28, 1993. The transcript of proceedings indicates that the trial court concluded that even assuming that the statute of limitations did not expire until November 1992, the six-month period specified by section 2—402 expired before November 1992 and did not extend the statute of limitations beyond November 1992. The trial court also concluded that plaintiff failed to obtain leave of court to amend her complaint by May 1993. The trial court entered an order denying plaintiff's motion to reconsider. Plaintiff then filed a notice of appeal to this court.

A supplemental record on appeal contains an "Emergency Joint Motion to Amend Order *Nunc Pro Tunc*" filed with the trial court on May 26, 1994. The motion states that the April 19, 1993, order lacked a finding pursuant to Illinois Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal of the order, "[d]ue to an oversight by both parties." The parties therefore requested that the trial court add a Rule 304(a) finding *nunc pro tunc* April 19, 1993. The trial court granted this motion on May 26, 1994.

■ Initially, this memorandum addresses the question of this court's jurisdiction. A reviewing court has an obligation to examine its jurisdiction and to dismiss an appeal if it determines that it lacks the requisite jurisdiction, even if neither party to the appeal has raised the issue. (*Zak v. Allson* (1993), 252 Ill. App. 3d 963, 964, 625 N.E.2d 160, 161.) In this case, we requested that the parties submit additional memoranda regarding the appealability of the orders at issue in this matter. The parties timely submitted these memoranda.

■ Supreme Court Rule 304(a) provides that no appeal may be taken from a final judgment as to one or more but fewer than all the parties to an action unless the trial court has made an express written finding that there is no just reason for delaying the enforcement or appeal from its order. (134 Ill. 2d R. 304(a).) Absent such a finding, any judgment that adjudicates the rights and liabilities of fewer than all the parties is not appealable. (*Zak*, 252 Ill. App. 3d at 965, 625 N.E.2d at 162.) A Rule 304(a) finding is required even when a defendant was never served, never appeared, and no relief was sought on his behalf. *Zak*, 252 Ill. App. 3d at 965, 625 N.E.2d at 162.

■ In this case, plaintiff seeks to appeal orders that dismiss respondents in discovery from the case. These orders make no reference to the named defendant, John Hutzler. Respondents note in their brief that on July 24, 1992, plaintiff filed a routine motion to

name a special process server. An attachment to the motion signed by a San Francisco County sheriff suggests that Hutzler had an address in San Francisco, California, at the time. Neither of the orders appealed from mentions Hutzler; neither order contains a Rule 304(a) finding. The parties do not disclose in their briefs what happened regarding Hutzler.

Given this record, we conclude that neither of the orders appealed from was a final judgment as to all of the parties. Indeed, the orders appealed from concern persons and entities named as respondents in discovery, who are not parties to the action in which they are so named. (*Engel v. St. Mary's Hospital* (1990), 198 Ill. App. 3d 174, 177, 555 N.E.2d 810, 811.) Accordingly, a Rule 304(a) finding was required in this instance.

The question remains as to the effect, if any, of the trial court's May 26, 1994, order which purports to amend its April 19, 1993, order *nunc pro tunc* to include a Rule 304(a) finding. The parties cite only one case, *People ex rel. Willett Motor Coach Co. v. Board of Education* (1988), 171 Ill. App. 3d 166, 524 N.E.2d 1155, that directly addresses a similar situation.

In *People ex rel. Willett Motor Coach Co.*, the trial court initially issued an order in September 1987. Construing the order as one for preliminary injunctive relief, the board of education appealed pursuant to Illinois Supreme Court Rule 307(a). (107 Ill. 2d R. 307(a).) During the pendency of the appeal, the trial court, upon motion by Willett, entered an order in March 1988 finding that its September 1987 order was actually one for permanent injunctive relief. The trial court determined that this correction was appropriate under Illinois Supreme Court Rule 329 (107 Ill. 2d R. 329), which permits a trial court to amend the record to correct material omissions and inaccuracies or to resolve controversies regarding the true state of the record, before or after the record on appeal is transmitted to this court. At the request of the board of education, the trial court's order included a Rule 304(a) finding. The trial court's March 1988 order was entered *nunc pro tunc* to the date of its prior order in September 1987. The board of education then amended its notice of appeal to additionally indicate an appeal from the trial court's March 1988 order to the extent that it awarded permanent injunctive and declaratory relief. (*People ex rel. Willett Motor Coach Co.*, 171 Ill. App. 3d at 170-71, 524 N.E.2d at 1158.) The appellate court declined to dismiss the appeal, determining that, "*pursuant to Illinois Supreme Court Rule 329 and under the facts of [that] case*," the trial court could amend the order *nunc pro tunc* to include a Rule 304(a) finding pursuant to Rule 329. (Emphasis added.) *People ex rel. Willett Motor Coach Co.*, 171 Ill. App. 3d at 172, 524 N.E.2d at 1159.

The facts of this case, however, are not the facts presented in *People ex rel. Willett Motor Coach Co.* In this case, while the trial judge granted the motion to amend, there is no indication in the record that the trial court determined that the amendment fell within the scope of Rule 329. In addition, the September 1987 order in *People ex rel. Willett Motor Coach Co.* was appealable under Rule 307(a); it was only after the trial court amended the order to change the nature of the relief granted that the Rule 304(a) finding was necessary. In contrast, the orders appealed from in this case were not appealable absent a Rule 304(a) finding. Furthermore, in *People ex rel. Willett Motor Coach Co.*, the notice of appeal was amended to conform to the trial court's second ruling. (See also *Hynes v. Department of Revenue* (1995), 269 Ill. App. 3d 697, 706-07, 646 N.E.2d 1228, 1234 (notice of appeal from order requiring, but lacking, a Rule 304(a) finding is a nullity).) In this case, the plaintiff did not seek to amend the notice of appeal or to file a second notice of appeal. In sum, given the record on appeal in this case, we conclude that this case falls outside the scope of the *People ex rel. Willett Motor Coach Co.* decision.

For all of the aforementioned reasons, the appeal in this case is dismissed for lack of jurisdiction.

Dismissed.

BUCKLEY and BRADEN, JJ., concur.