# Illinois Official Reports

## Appellate Court

***Harreld v. Butler*, 2014 IL App (2d) 131065**

| | |
|---|---|
| Appellate Court Caption | MARK HARRELD and JUDITH HARRELD, Plaintiffs, v. LOU BUTLER, Defendant and Cross-Defendant (Community Contracts, Inc., Defendant; DVBC, Inc., Defendant and Cross-Plaintiff and Third-Party Plaintiff-Appellant; The City of Elgin, ABC Roofing and Siding of Illinois, Inc., and Anytime Roofing and Siding of Illinois, Inc., Third-Party Defendants-Appellees). |
| District & No. | Second District<br>Docket No. 2-13-1065 |
| Filed | December 2, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the injuries suffered by plaintiff, an employee of a potential roofing subcontractor, when he fell through defendants' roof while evaluating it in connection with preparing a bid to repair the roof pursuant to a residential rehabilitation program administered by third-party defendant city, the appellate court lacked jurisdiction to consider the third-party defendant contractor's appeal from the dismissal of its complaint seeking contribution from the city if the contractor was found liable to plaintiff, since no proper finding was made under Supreme Court Rule 304 (a) that would permit an appeal from the dismissal while other claims were pending and no timely notice of appeal was filed, and rather than requesting a finding under Rule 304(a) as to the dismissal order, which could be sought at any time, the contractor requested the trial court to correct the dismissal order *nunc pro tunc* by adding the missing finding *nunc pro tunc*, which would be allowed only in the event of a clerical error, but in the instant case, there was no indication of any clerical errors in the record; therefore, the appellate court lacked jurisdiction. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 11-L-668; the Hon. F. Keith Brown, Judge, presiding. |

| Judgment | Appeal dismissed. |
|---|---|

| Counsel on Appeal | Timothy J. Young, Leena Soni, and Elizabeth D. Winiarski, all of Lewis Brisbois Bisgaard & Smith, LLP, of Chicago, for appellant. |
|---|---|
| | James L. DeAno, of DeAno & Scarry, LLC, of Chicago, for appellees. |

| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.<br>Justice Birkett concurred in the judgment and opinion.<br>Justice Zenoff specially concurred, with opinion. |
|---|---|

## OPINION

¶ 1      On September 16, 2013, the trial court entered an order granting the motion of third-party defendant City of Elgin (the city) to dismiss the complaint of third-party plaintiff, DVBC, Inc. (DVBC). The order did not contain a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). On October 10, 2013, while other claims remained pending, DVBC filed a notice of appeal. On November 21, 2013, the trial court entered an "agreed order correcting the court's order of September 16, 2013, *nunc pro tunc*." The agreed order provided that the September 16, 2013, order "*nunc pro tunc*, is a final and appealable order and there is no just reason to delay either enforcement or appeal, or both." DVBC did not file an amended notice of appeal. As explained below, we dismiss for lack of jurisdiction.

¶ 2      I. BACKGROUND

¶ 3      This matter stems from injuries allegedly sustained by Mark Harreld after he fell through the roof at Lou Butler's residence. Butler sought to have repair work performed at his residence through a residential rehabilitation program administered by the city. Butler contacted DVBC, a contractor, to submit a bid to perform the repair work. After DVBC evaluated the property, it contacted a roofing company as a potential subcontractor. Harreld, who worked for the roofing subcontractor, visited Butler's residence to conduct an evaluation. During that visit, he fell through Butler's roof and allegedly suffered injuries.

¶ 4      On November 29, 2011, Harreld and his wife filed a complaint against Butler, DVBC, and Community Contracts, Inc. Harreld alleged that DVBC was negligent for failing to warn him that Butler's roof was in an unsafe condition. DVBC denied liability.

¶ 5      Thereafter, DVBC filed a third-party complaint for contribution against the city. As amended, DVBC's complaint alleged that, if it is found liable to Harreld, DVBC should be

entitled to contribution from the city because the city was negligent in acting as a general contractor on the repair project. On April 26, 2013, the city filed a motion to dismiss DVBC's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619.1 (West 2012)).

¶ 6 On September 16, 2013, after hearing arguments, the trial court granted the city's motion and dismissed DVBC's third-party complaint with prejudice. The trial court's dismissal order did not contain a finding pursuant to Rule 304(a). On October 10, 2013, DVBC filed its notice of appeal, seeking to appeal the trial court's dismissal order.

¶ 7 On November 15, 2013, DVBC filed an "agreed motion to correct the court's order of September 16, 2013, *nunc pro tunc*." The motion acknowledged that the dismissal order did not contain a Rule 304(a) finding, but argued that nonetheless the dismissal order was final as to DVBC and the city and that "[a] review by the [a]ppellate [c]ourt at this time would clarify the issues in this matter and promote the most fair outcome for all parties." The motion argued that the function of a *nunc pro tunc* order is to correct the record of judgment, and concluded:

"[t]o ensure the [dismissal order] conforms to the judgment actually rendered, and that it is consistent with what was said at the various court hearings, both DVBC and the [city] request that the [dismissal order] be corrected, *nunc pro tunc*, to include the 304(a) language that 'there is no just reason for delaying either enforcement or appeal or both.' "

The motion noted that correcting the dismissal order *nunc pro tunc* to include a Rule 304(a) finding "would preserve the current filing dates."

¶ 8 On November 21, 2013, the trial court entered an agreed order "correcting" the dismissal order *nunc pro tunc*. DVBC did not file an amended notice of appeal.

¶ 9                                   II. ANALYSIS

¶ 10 On appeal, DVBC contends that the trial court erred in dismissing its third-party complaint. However, we cannot reach the merits, because we lack jurisdiction.

¶ 11 A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, and this duty exists regardless of whether either party has raised the issue. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Subject to certain exceptions, an appeal may be taken only after the trial court has resolved all claims against all parties. *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009). However, Rule 304(a) provides that, in matters involving multiple parties or claims, an appeal may be taken when the trial court has entered a final order to one or more parties or claims, but fewer than all, if the trial court makes an express finding that there is no just reason to delay enforcement or appeal or both. *AT&T v. Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 19. "Without the Rule 304(a) finding, a final order disposing of fewer than all *** claims is not an appealable order and does not become appealable until all of the claims have been resolved." *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 464 (1990).

¶ 12 In this case, the trial court's dismissal order did not originally contain a finding pursuant to Rule 304(a). Thus, our jurisdiction depends on whether the dismissal order was properly corrected *nunc pro tunc* to include a Rule 304(a) finding.

¶ 13    "A *nunc pro tunc* order is an entry now for something previously done, made to make the record speak now for *what was actually done then*." (Emphasis added.) *Kooyenga v. Hertz Equipment Rentals, Inc*., 79 Ill. App. 3d 1051, 1055 (1979). Because a *nunc pro tunc* amendment may reflect only what was actually done by the court but was omitted due to clerical error, a *nunc pro tunc* amendment must be based on some note, memorandum, or other memorial in the court record. *Pagano v. Rand Materials Handling Equipment Co.*, 249 Ill. App. 3d 995, 998-99 (1993). A *nunc pro tunc* order may not be used to cure a jurisdictional defect, supply omitted judicial actions, or correct a judicial error under the pretense of correcting a clerical error. *In re Marriage of Takata*, 304 Ill. App. 3d 85, 92 (1999).

¶ 14    Here, DVBC attempted to "correct" the dismissal order *nunc pro tunc* to cure a jurisdictional defect by supplying an omitted judicial action, *i.e.*, a Rule 304(a) finding. The record is devoid of any indication that the trial court had actually made a finding pursuant to Rule 304(a) or that the order lacked such a finding due to a clerical error. On the contrary, the order made no reference to Rule 304(a) and the record does not contain a transcript of the hearing on the motion to dismiss. (The bystander's report reflects only that the trial court heard oral arguments on June 27, 2013, and that it granted the motion in the written order.) The record thus indicates that the failure to include a Rule 304(a) finding in the order was not a clerical error but instead was an omitted judicial action. Therefore, adding a Rule 304(a) finding is outside the power of a *nunc pro tunc* order. See *id.* at 93 (holding that correcting a judicial error, as opposed to correcting a clerical error, was outside the power of a *nunc pro tunc* order).

¶ 15    We find support for our determination in *Shanklin v. Hutzler*, 277 Ill. App. 3d 94 (1995). In *Shanklin*, the trial court entered an order dismissing the respondents in discovery on April 19, 1993. *Id.* at 98. On May 17, 1993, the plaintiff filed a motion to reconsider, which the trial court denied, and the plaintiff appealed. *Id.* at 99. Thereafter, the parties filed an " 'Emergency Joint Motion to Amend Order *Nunc Pro Tunc*.' " *Id.* The motion noted that the April 19, 1993, order did not contain a finding pursuant to Rule 304(a) but argued that the absence was due to "an oversight by both parties." (Internal quotation marks omitted.) *Id.* On May 26, 1994, the trial court granted the motion. *Id.*

¶ 16    The reviewing court dismissed the appeal for lack of jurisdiction. The court distinguished *People ex rel. Willet Motor Coach Co. v. Board of Education*, 171 Ill. App. 3d 166 (1988), where the appellate court concluded that " '*pursuant to Illinois Supreme Court Rule 329 and under the facts of [that] case*,' the trial court could amend the order *nunc pro tunc* to include a Rule 304(a) finding pursuant to Rule 329." (Emphasis in original.) *Shanklin*, 277 Ill. App. 3d at 100 (quoting *Willet Motor Coach Co.*, 171 Ill. App. 3d at 172). The court in *Shanklin* noted that, in the case before it, the trial court did not amend its order pursuant to Rule 329. *Id.* at 101. Further, the plaintiff did not seek to amend her notice of appeal or file a second notice of appeal. *Id.*

¶ 17    We find the holding in *Shanklin* instructive in this case. We note that a party may request at any time that the trial court enter a Rule 304(a) finding as to a final order. *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 344 (2001). Here, instead of requesting that the trial court enter a Rule 304(a) finding as to its dismissal order, DVBC sought to correct the order *nunc pro tunc*, despite the record being devoid of any indication that the absence of a Rule 304(a) finding in that order resulted from a clerical error. Thus, as in *Shanklin*, there was no

proper Rule 304(a) finding and no timely notice of appeal, and we conclude that we lack jurisdiction. See *Shanklin*, 277 Ill. App. 3d at 101.

¶ 18    In closing, we briefly comment on the special concurrence's analysis on the contours of Rule 304(a) in connection with Illinois Supreme Court Rule 303(a)(2) (eff. June 4, 2008). We agree with the special concurrence's hypothetical that, pursuant to Rule 303(a)(2), "if a litigant files a notice of appeal from a final judgment as to fewer than all of the parties or claims, and the trial court subsequently enters a Rule 304(a) finding as to that judgment, then the notice of appeal becomes effective when the finding is entered." *Infra* ¶ 28. However, in this case, as in *Shanklin*, the record is devoid of any indication that the parties sought and the trial court granted a proper Rule 304(a) finding. Thus, absent a proper Rule 304(a) finding, any discussion of how Rule 303(a)(2)'s saving provisions interact with Rule 304(a) is premature.

¶ 19                              III. CONCLUSION

¶ 20    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 21    Appeal dismissed.

¶ 22    JUSTICE ZENOFF, specially concurring.

¶ 23    I agree that the parties and the trial court improperly used a *nunc pro tunc* order to "add" a Rule 304(a) finding to the dismissal order. I believe that their error highlights a widespread misunderstanding of Illinois Supreme Court Rules 304(a) (eff. Feb. 26, 2010) and 303(a)(2) (eff. June 4, 2008). I write separately because I believe that an explanation of the interplay between these rules is needed to prevent litigants from repeating the mistake made in this case.

¶ 24    The majority relies on *Shanklin v. Hutzler*, 277 Ill. App. 3d 94 (1995), which was decided prior to the 2007 amendments to Rule 303(a)(2). Therefore, *Shanklin* paints a less-than-complete picture of how the supreme court rules apply in this case. Under the amended version of Rule 303(a)(2), when a party prematurely files a notice of appeal from a final judgment that neither resolves all pending claims nor contains a Rule 304(a) finding, all is not lost. The party can "save" the notice of appeal, as I explain below. However, as the majority correctly concludes, it cannot save the notice of appeal by obtaining an improper *nunc pro tunc* "amendment" of the order being appealed.

¶ 25    In 2007, Rule 303(a)(2) was amended to include a saving provision, which "protects the rights of an appellant who has filed a 'premature' notice of appeal." Ill. S. Ct. R. 303, Committee Comments (adopted Mar. 16, 2007). The rule's saving provision applies in two scenarios: (1) when a notice of appeal is filed before the last pending postjudgment motion is resolved, or (2) when a notice of appeal is filed when other claims remain pending. The saving provision provides that a prematurely filed notice of appeal "becomes effective" in the first scenario when an order disposing of the last pending postjudgment motion is entered. Ill. S. Ct. R. 303(a)(2) (eff. June 4, 2008). It provides that a prematurely filed notice of appeal "becomes effective" in the second scenario when a final judgment as to all pending claims is entered. Ill. S. Ct. R. 303(a)(2) (eff. June 4, 2008).

¶ 26        Application of Rule 303(a)(2)'s saving provision in the second scenario is concerned with jurisdiction pursuant to Rule 304(a). Generally, Rule 304(a) provides that this court lacks jurisdiction if a party appeals from "a final judgment as to one or more but fewer than all of the parties or claims," unless the trial court has made "an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). However, if a litigant files a notice of appeal from a final judgment that neither resolves all pending claims nor contains a Rule 304(a) finding, then Rule 303(a)(2) steps in to "save" the notice of appeal by making it effective when a final judgment is entered as to all remaining claims. Ill. S. Ct. R. 303(a)(2) (eff. June 4, 2008).

¶ 27        In *In re Marriage of Valkiunas*, 389 Ill. App. 3d 965 (2008), this court interpreted the saving provision in Rule 303(a)(2). We said that a prematurely filed notice of appeal " 'becomes' effective on the date the impediment to our jurisdiction is removed." *Valkiunas*, 389 Ill. App. 3d at 968. We explained that, in second-scenario cases, there are two ways to remove the impediment. *Valkiunas*, 389 Ill. App. 3d at 969. As we just said, one way is for the trial court to enter a final judgment as to all remaining claims. *Valkiunas*, 389 Ill. App. 3d at 969. The notice of appeal becomes effective once the final judgment is entered. *Valkiunas*, 389 Ill. App. 3d at 969.

¶ 28        The second way to remove the impediment is to obtain a Rule 304(a) finding. *Valkiunas*, 389 Ill. App. 3d at 969. In other words, if a litigant files a notice of appeal from a final judgment as to fewer than all of the parties or claims, and the trial court subsequently enters a Rule 304(a) finding as to that judgment, then the notice of appeal becomes effective when the finding is entered. *Valkiunas*, 389 Ill. App. 3d at 969. This interpretation is consistent with the language of Rule 304(a), which provides that "the entry of the required finding shall be treated as the date of the entry of final judgment." Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010).

¶ 29        This brings us to the present case. The September 16, 2013, order dismissing DVBC's third-party complaint with prejudice was final as to fewer than all of the parties or claims, and it did not contain a Rule 304(a) finding. On October 10, 2013, DVBC filed a premature notice of appeal from the order, making this a second-scenario situation under Rule 303(a)(2).

¶ 30        What DVBC should have done at this point was to file a motion for a Rule 304(a) finding. In its motion, it should have explained why a Rule 304(a) finding was warranted in light of the factors outlined in *Geier v. Hamer Enterprises, Inc.*, 226 Ill. App. 3d 372 (1992):

> " '(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.' " *Geier*, 226 Ill. App. 3d at 383 (quoting *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

In ruling on that motion, the trial court would have needed to pay particular attention to the mootness factor, because "the possibility of mootness due to the contingent nature of [a] third-party claim typically weighs heavily in the exercise of discretion in deciding whether to certify the dismissal of a third-party claim for appeal." *Geier*, 226 Ill. App. 3d at 386.

¶ 31    Had DVBC filed a motion for a Rule 304(a) finding in light of the *Geier* factors, and had the trial court granted it, then DVBC's premature notice of appeal would have become effective on the date the trial court made the finding. See Ill. S. Ct. R. 303(a)(2) (eff. June 4, 2008); *Valkiunas*, 389 Ill. App. 3d at 969. Instead, DVBC filed an "agreed motion" for the entry of an improper *nunc pro tunc* order, which, for the reasons the majority explains, was granted erroneously.

¶ 32    One final matter deserves mention. We presume that DVBC can timely file a new notice of appeal once the trial court either enters a final judgment resolving all pending claims or enters a proper Rule 304(a) finding. *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1050 (2007). However, if during the pendency of this appeal the trial court has resolved all pending claims or entered a proper Rule 304(a) finding, and the time for filing a new notice of appeal has expired, then DVBC can file a petition for rehearing and to supplement the record, thereby establishing the effectiveness of the present notice of appeal. *Knoerr*, 377 Ill. App. 3d at 1050.