2023 IL App (1st) 220507-U

FOURTH DIVISION
Order filed: January 12, 2023

Nos. 1-22-0507, 1-22-0513 (cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| MA REBAR SERVICES, INC., IHC CONSTRUCTION COMPANIES, LLC, and WAYNE KELLY McCLURE, | ) | No. 19 CH 7309 |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (MA Rebar Services, Inc., and IHC Construction Companies, LLC, Defendants-Appellants). | ) | Celia G. Gamrath, |
| | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Judgment that failed to dispose of all claims against all named defendants was not an appealable order, necessitating the dismissal of the appeal for lack of jurisdiction.

¶ 2    IHC Construction Companies, LLC ("IHC") and MA Rebar Services, Inc. ("MA Rebar"), appeal a final summary judgment entered in favor of Westfield Insurance Company ("Westfield") in Westfield's declaratory judgment action against IHC, MA Rebar, and Wayne McClure. The judgment declared that IHC failed to provide timely notice to Westfield of McClure's claims against IHC and that Westfield was, therefore, not required to provide IHC with coverage for the claims. We do not reach the merits of the appeal, however, because the circuit court failed to render a final judgment as to McClure, precluding this court from exercising jurisdiction over the appeal.

¶ 3    The undisputed facts show that in 2016 IHC was the general contractor for a municipal construction project ("the Project") and that IHC had hired MA Rebar as a subcontractor on the Project. As a condition of its subcontract, MA Rebar was required to obtain $2 million of general liability insurance and $8 million of umbrella liability insurance. The subcontract also required MA Rebar to list IHC as an additional insured on those policies. In accordance with the subcontract, MA Rebar obtained the required insurance from Westfield and provided IHC with a certificate of insurance confirming such compliance.

¶ 4    In July 2016, Wayne McClure filed a worker's compensation claim against MA Rebar regarding injuries that he sustained in an accident at the Project. McClure and MA Rebar reached a settlement on the worker's compensation claim, culminating in a payment to McClure on June 4, 2018.

¶ 5    On June 12, 2018, McClure filed a complaint against IHC alleging that he was injured as a result of IHC's negligence while working on the Project as an employee of MA Rebar. IHC promptly notified its insurance carrier, Hartford Insurance Company, of the suit, but it did not provide any notice to Westfield at that time. In July 2018, IHC filed a motion to dismiss McClure's

complaint. After the circuit court denied the motion in October 2018, IHC filed a third-party complaint against MA Rebar seeking indemnification and contribution.

¶ 6    Approximately three months later, on January 31, 2019, MA Rebar notified Westfield of IHC's third-party complaint against it. Westfield then filed the instant two-count declaratory judgment action seeking declarations (1) that it has no duty defend and indemnify MA Rebar and (2) that it owed no coverage obligation to IHC due to the six-month delay between the time that IHC learned of the McClure lawsuit and the time that Westfield received notice of the suit. The complaint named IHC, MA Rebar, and McClure as defendants, both in the case caption and in the preamble. In July 2020, MA Rebar filed a counterclaim for a contrary declaratory judgment against Westfield, which IHC joined. In September 2020, the circuit court granted a partial judgment on the pleadings in favor of Westfield on Westfield's first count.

¶ 7    Over the course of the second half of 2022, the parties briefed cross-motions for summary judgment on count two of the complaint and on the counterclaim. After hearing argument from the parties, the circuit court issued a final order granting Westfield's motion for summary judgment and denying IHC and MA Rebar's. IHC and MA Rebar each filed separate appeals of the final judgment, which we have consolidated here.

¶ 8    We do not reach the merits of the appeal, however, because we observe a jurisdictional issue that we must address. See *Harreld v. Butler*, 2014 IL App (2d) 131065, ¶ 11 ("A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, and this duty exists regardless of whether either party has raised the issue." (citing *Secura Insurance Co. v. Illinois Farmers Insurance Co.,* 232 Ill. 2d 209, 213 (2009))). "Supreme Court Rule 304(a) [(eff. Mar. 8, 2016)] provides that no appeal may be taken from a final judgment as to one or more but fewer

than all the parties to an action unless the trial court has made an express written finding that there is no just reason for delaying the enforcement or appeal from its order." *Zak v. Allson*, 252 Ill. App. 3d 963, 965 (1993). "Absent such a finding, any judgment that adjudicates the rights and liabilities of fewer than all the parties is not appealable." *Id.* (citing *Hamer v. Lentz*, 155 Ill. App. 3d 692 (1987)).

¶ 9 In this case, neither the judgment on the pleadings rendered as to Westfield's count one nor the summary judgment rendered as to Westfield's count two and the defendants' counterclaim contain any language adjudicating the rights and liabilities of McClure. The judgment on the pleadings on count one stated merely that "Westfield's Motion for Judgment on the Pleadings on Count I is Granted" and that "Westfield's Motion to Dismiss MA Rebar's Affirmative Defense of Estoppel is Granted." Likewise, the summary judgment on count two stated that "[s]ummary judgment on count II is entered in favor of Plaintiff Westfield and against Defendants IHC and MA Rebar." Thus, it is clear that the court entered judgments adjudicating all claims involving IHC and MA Rebar, but there is no order or judgment disposing of all claims against McClure. As a result, the two judgments are not appealable.

¶ 10 It does not matter for the purposes of this analysis that McClure never appeared in the case; he is still a defendant and a party in the case within the context of Rule 304(a), and a judgment, therefore, must be rendered for or against him. See *id.* (dismissing appeal for lack of jurisdiction when the circuit court's order granting a motion to dismiss filed by only one of two defendants did not dispose of all claims against the second defendant and did not contain Rule 304(a) language allowing for an immediate appeal). Furthermore, although in some cases our appellate court has found that a judgment adjudicating claims against fewer than all of the defendants was nonetheless

appealable when the non-adjudicated defendant was an agent of one of the adjudicated defendants and the claims raised against the principal and agent were one in the same, with the result being that an adjudication of all claims against the principal necessarily amounted to an adjudication of all claims against the agent (see, *e.g.*, *Cangemi v. Advocate South Suburban Hospital*, 364 Ill. App. 3d 446, 455 (2006)), we are not able to conclude from the record before us that such an agency relationship exists in this case, nor are we able to say that the parties' interests so align as to render the judgments equally applicable to all parties.

¶ 11    Accordingly, without a judgment for or against McClure and without Rule 304(a) language allowing for an immediate appeal of a partial judgment, we are compelled to dismiss this appeal for lack of jurisdiction.

¶ 12    Dismissed.