**William J. Veach, Appellee, v. J. W. Stegmeyer and C. D. Robinson. Weber Implement and Automobile Company, Appellant.**

1. EQUITY—*limitation of right to file cross-bill to answering parties to original bill.* Under section 30 of the Chancery Act, Cahill's Ill. St. ch. 22, ¶ 30, the right to file a cross-bill is given only to persons who have been made parties to the original bill and have answered the same as such.

2. PLEDGES—*validity of unrecorded written pledge as against recorded chattel mortgage.* Where a contract purporting to pledge certain automobiles as security for an indebtedness was not acknowledged or filed for record, as provided for under the Chattel Mortgage Act, it was void as against a chattel mortgage on one of such automobiles which was duly recorded.

3. PLEDGES—*insufficiency of unrecorded written pledge as basis for cross-bill against chattel mortgagee without notice.* In a suit to cancel a purported release of a certain automobile from a chattel mortgage on the ground that it was obtained by fraud and to have the mortgage declared a first lien, a cross-bill filed by appellant setting up a prior contract under which the automobile in question,

along with others, was pledged to appellant, was properly dismissed where the contract set up by appellant was not recorded as required by the Chattel Mortgage Act and complainant had no notice thereof.

4. JUDGMENTS—*validity of personal judgment against nonparty to suit.* Where appellant was not made a party to a bill of complaint filed by appellee and no relief was prayed against it, the mere fact that appellant attempted to enter its appearance and file an answer to the bill would not authorize the court to enter a personal judgment against it in favor of appellee.

5. JUDGMENTS—*necessity that decree follow case made by bill.* A complainant must recover on the case made by his bill and is not permitted to state one case in the bill and make out a different one in the proofs.

6. JUDGMENTS—*personal decree against nonparty erroneous on bill for cancellation of release and reinstatement of chattel mortgage.* Where a bill of complaint prayed that a release executed by complainant and delivered to the mortgagor be set aside for fraud; that the lien of the mortgage be held a first lien; and that complainant be authorized to sell the automobile in satisfaction of the note and mortgage, the court was not authorized to enter a personal decree for the value of the automobile against one who had obtained the automobile by replevin and who, though not made a party, attempted to enter its appearance and sought relief under a cross-bill.

Appeal by defendant from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1924. Reversed and remanded. Opinion filed July 7, 1924.

T. A. O'CONNOR, for appellant.

T. M. WEBB, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee filed a bill in the City Court of East St. Louis, setting forth, in effect, that on or about July 12, 1921, one J. W. Stegmeyer was indebted to him in the sum of $3,825.00, evidenced by a promissory note signed by him, due September 12, 1921, and by a chattel mortgage on certain automobiles described therein as one Lexington car, No. 25,112, and one Hupmobile car, No. 50,275, motor No. 50,077; that said chattel

mortgage was on July 16, 1921, duly recorded in the recorder's office of St. Clair county; that thereafter, on or about August 24, Stegmeyer represented to appellee that he had a purchaser for said Lexington automobile, and that he would be unable to dispose of the same unless he had a release of said mortgage to exhibit to said prospective purchaser, and requested appellee to execute such release; that said Stegmeyer promised to immediately dispose of said automobile, and to turn over the proceeds thereof to appellee to apply on said mortgage indebtedness; that, relying on said representations and promises, appellee executed an instrument releasing said automobile from said lien, and delivered the same to Stegmeyer. The bill further charges that Stegmeyer kept said release until on or about September 7, 1921, at which time he caused the same to be recorded in the recorder's office of said county; that during all of the time from the execution of said release to the filing of the same, Stegmeyer represented to appellee that he was endeavoring to assist said proposed purchaser to raise the funds with which to purchase said automobile, and did not apprise appellee of his intention to or act in recording said release.

Said bill further sets forth that on July 30, 1921, Stegmeyer became indebted to one C. D. Robinson, and to secure said indebtedness, executed and delivered to him a chattel mortgage on said Lexington automobile, and that Robinson is claiming a prior lien thereon by virtue thereof. Said bill further charges that on September 12, 1921, Stegmeyer having defaulted in the payment of the indebtedness owing to appellee, he, appellee, took possession of the said automobile; that thereafter, on September 22, Robinson demanded of appellee the possession of said automobile, and threatened to replevin the same. It is further charged that the release executed by appellee was obtained by false representations on the part of Stegmeyer, and is therefore void, and the lien of

appellee under his said mortgage is a first lien on said automobile; that Robinson did not in any way extend to Stegmeyer any additional credit by reason of said release, and if the said Robinson has any lien on said automobile, it is subsequent and subject to the rights of appellee.

Said bill prays a decree canceling and holding for naught said purported release executed by appellee, and that appellee's mortgage be decreed a first lien on said automobile, and that a sale of said automobile be authorized, and the proceeds thereof applied toward the payment of appellee's claim. A temporary writ of injunction was prayed restraining Stegmeyer from disposing of said automobile or further incumbering the same, and restraining the said Robinson from replevining said automobile from appellee. Said bill also prayed that upon a final hearing said writ of injunction be made perpetual, and that appellee have such other and further relief in the premises as to equity might appertain.

The only parties defendant to said bill were Robinson and Stegmeyer. Robinson filed an answer to the bill. Stegmeyer was defaulted. The record discloses that appellant, Weber Implement & Automobile Company, without being made a party to said bill, filed a purported entry of appearance and answer thereto. Appellant also filed a cross-bill, setting forth that prior to the date of the chattel mortgage given by Stegmeyer to appellee, Stegmeyer had pledged in writing certain automobiles (including the one in question) to appellant, to secure certain indebtedness owing by Stegmeyer to it, and prayed that its lien under said pledge be decreed a prior lien to appellee's mortgage.

Answers were filed to said cross-bill by Robinson and by appellee. Replications were filed to the answers to the original bill and the cross-bill, and the cause was referred to the master to take the evidence and report his conclusions of law and fact thereon.

The master took said evidence and made his report, finding that the evidence in the record supported the allegations of appellee's bill, and recommending that a decree be entered as prayed in said bill, and that appellant's cross-bill be dismissed for want of equity.

Exceptions filed to said report by Robinson and by appellant were, on hearing, overruled by the court, and a decree was entered, finding that the release procured and filed by Stegmeyer was procured by fraud and misrepresentation; that the lien of appellee was superior to the lien held by Robinson, and that the cross-bill of appellant should be dismissed for want of equity. The court further found that the automobile in question had been replevined and sold by appellant company, and that said company refused to account to appellee for the proceeds thereof. A personal judgment for $2,440.00 and costs was awarded appellee against appellant by said decree. To reverse said judgment and decree, appellant prosecuted this appeal.

It is contended by appellant that the court erred in dismissing its cross-bill.

Section 30 of the Chancery Act [Cahill's Ill. St. ch. 22, ¶ 30] provides: "Any defendant may, after filing his answer, exhibit and file his cross-bill, and call upon the complainant to file his answer thereto, in such time as may be prescribed by the court."

We are of the opinion and hold that this provision only gives a right to file a cross-bill where the party seeking so to do has been made a party defendant to the original bill, and has answered the same as such. The record here discloses that appellant company was not so made a party to the original bill. This being true, the statute did not give appellant the right to file a cross-bill in said cause.

Aside, however, from whether or not said cross-bill was rightly filed, we are of the opinion and hold that inasmuch as the contract relied on, signed by Stegmeyer and purporting to pledge certain automobiles

as security for an indebtedness owing by him to appellant company, was not acknowledged or filed for record as provided under the Chattel Mortgage Act [Cahill's Ill. St. ch. 95], the same was void as against the chattel mortgage held by appellee. *Snydacker v. Blatchley*, 177 Ill. 506. The record discloses that appellee's mortgage was duly filed for record, and that he had no notice of the said contract held by appellant. We are therefore of the opinion and hold that the court did not err in dismissing said cross-bill.

The principal error assigned by appellant, however, is the entry of said personal decree or judgment against it for said sum of $2,440.00, as the reasonable market value of said automobile in question.

This assignment of error is well taken, for the following reasons:

First. Appellant company was not made a party to said bill of complaint filed by appellee, and no relief was prayed against it. The mere fact that said company may have attempted to enter its appearance and file an answer to said bill would not be sufficient ground on which to base a personal judgment against it in favor of appellee. *Gunnell et al. v. Cockerill et al.*, 84 Ill. 319-323.

Second. The court also erred in entering a personal decree against appellant company for the further reason that a complainant must recover on the case made by his bill. He is not permitted to state one case in the bill and make out a different one in the proofs. The allegations and the proofs must correspond. *McKay v. Bissett et al.*, 5 Gilm. (Ill.) 499; *Walker v. Ray*, 111 Ill. 315-321; *Reed et al. v. Reed*, 135 Ill. 482-485; *Dorn v. Geuder*, 171 Ill. 362.

The law further is that a "decree cannot give relief that the facts disclosed by the evidence would warrant where there are no averments in the bill to which the evidence can apply, and that if the evidence disproves the case made by the bill the complainant cannot be given a decree upon other grounds disclosed

by the proofs, unless the court permits the complainant to amend his bill so as to present the case disclosed by the evidence.'' *Lang v. Metzger,* 206 Ill. 475-488; to the same effect is *Schmitt v. Weber,* 239 Ill. 377-388.

The facts averred in appellee's bill, as above set forth, are not sufficient to warrant a personal decree against appellant. The relief prayed in appellee's bill is that said release executed by him and delivered to Stegmeyer be declared to have been fraudulently obtained, and that it be set aside and held for naught; that the lien of appellee's mortgage be held a first lien, and that appellee be authorized to sell said automobile in satisfaction of his note and mortgage.

Third. Said decree is also erroneous in that it finds that, ''After the said Weber Implement & Automobile Company took possession of the said automobile, it refused to turn the same over to the complainant, and later converted the same into cash and kept the proceeds of said sale, and refused and still does refuse to account therefor to the complainant for the reasonable market value of the said automobile at the time the same was taken from the possession of the said complainant, and that the said Weber Implement & Automobile Company is now indebted to the complainant, W. G. Veach, in the sum of $2,440.00.'' The evidence wholly fails to sustain this finding.

Other errors were assigned on the record and argued by appellant, but we do not deem it necessary to discuss the same here. The record in connection with the entering of said personal decree of judgment against appellant is so palpably erroneous that said cause must be reversed and remanded to the trial court for further proceedings, not inconsistent with the views herein expressed.

*Reversed and remanded.*