**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200269-U

Order filed July 22, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA L. SCIALABBA, JAMES V. | ) | |
| SCIALABBA, BMO HARRIS BANK | ) | Appeal No.      3-20-0269 |
| NATIONAL ASSOCIATION f/k/a Harris Bank | ) | Circuit Nos.   17-CH-998 cons. w/ |
| National Association, Successor by Merger to | ) | 16-CH-576 |
| NLSB Bank, KAREN SPRINGS II | ) | |
| HOMEOWNERS ASSOCIATION, JAMAL | ) | |
| BARGHOUTHI, Unknown Owners and Non- | ) | |
| Record Claimants, | ) | |
| | ) | Honorable Theodore J. Jarz, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court.
Justices Daugherity and Schmidt concurred in the judgment.

**ORDER**

¶ 1        *Held*:    Due to the nature of the consolidation in two mortgage foreclosure proceedings, the trial court retained jurisdiction to proceed on an amended complaint in case No. 17-CH-998 after entering a final order in case No. 16-CH-576.

¶ 2        This appeal involves the legal effect of the trial court's order, consolidating two separate

mortgage foreclosure proceedings, on the motion of the defendant property owners in each case,

James and Debra Scialabba. In 2016, BMO Harris Bank National Association (Harris Bank)

initiated the first mortgage foreclosure proceeding, Will County case No. 16-CH-576, to enforce a mortgage lien, recorded in 2005, against the residential property owned by the Scialabbas. Harris Bank's complaint did not name U.S. Bank National Association (U.S. Bank) as a lienholder or party defendant.

¶ 3 In 2017, U.S. Bank initiated the second mortgage foreclosure proceeding, Will County case No. 17-CH-998, to enforce a second mortgage lien, recorded in 2012, against the same residential property owned by the Scialabbas. U.S. Bank's complaint named Harris Bank and the Scialabbas, among others, as party defendants.

¶ 4 Eventually, the trial court granted the Scialabbas' motion to consolidate, which was filed on the grounds of convenience and judicial economy. After the consolidation, case No. 16-CH-576, initiated by Harris Bank to enforce its 2005 mortgage lien, resulted in a final order confirming the sale of the residential property to Mount Olive LLC, by defendant, Jamal Barghouthi. Following the entry of the order confirming the sale, the trial court initially allowed U.S. Bank to amend its complaint in case No. 17-CH-998 to add Barghouthi, a third-party purchaser, as a party defendant. Thereafter, the trial court allowed Barghouthi's motion to reconsider and dismiss U.S. Bank's amended complaint, finding it lacked jurisdiction to take any further action with respect to case No. 17-CH-998. U.S. Bank appeals. We reverse.

¶ 5 I. BACKGROUND

¶ 6 On March 22, 2016, Harris Bank initiated Will County case No. 16-CH-576 under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq.* (West 2014). Harris Bank's lawsuit sought to foreclose on a mortgage, recorded in 2005, that was secured by the Scialabbas' residential property. U.S. Bank was not named as a party defendant in Harris Bank's complaint.

2

¶ 7	On May 15, 2017, U.S. Bank initiated Will County case No. 17-CH-998 under the Illinois Mortgage Foreclosure Law. U.S. Bank's lawsuit sought to foreclose on a second mortgage, recorded in 2012, that was secured by the Scialabbas' residential property. U.S. Bank designated the Scialabbas and Harris Bank, among others, as party defendants. U.S. Bank alleged its mortgage on the residential property was superior to the interests of all other defendants.

¶ 8	On July 28, 2017, the Scialabbas filed a motion to consolidate case Nos. 16-CH-576 and 17-CH-998 under section 2-1006 of the Code of Civil Procedure (Code), 735 ILCS 5/2-1006 (West 2016). The Scialabbas alleged Harris Bank "is the junior lien holder [for the residential property] and U.S. Bank alleges to be the senior lien holder of mortgages encumbering the same property." Further, the Scialabbas alleged the "cases are separate causes but have the same nature and involv[e] the same evidence." Therefore, "[a]s [a] means of convenience to the Court and a matter of judicial economy without prejudice," the Scialabbas requested a consolidation.

¶ 9	On August 2, 2017, Judge Cory Lund entered an order in case Nos. 16-CH-576 and 17-CH-998, stating the Scialabbas' "motion to consolidate is hereby granted." The "cases [were] to proceed under 16-CH-0576." The order indicated Harris Bank, U.S. Bank, and the Scialabbas were represented in court by counsel. The trial court later denied Harris Bank's motion to sever.

¶ 10	On August 29, 2017, Harris Bank filed a motion for summary judgment under section 2-1005 of the Code, 735 ILCS 5/2-1005 (West 2016), or for judgment under section 15-1506 of the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1506 (West 2016), on its complaint in case No. 16-CH-576. The caption of the motion listed Harris Bank as the plaintiff and James V. Scialabba, *et al.*, as the defendants. The order was affixed with both case Nos. 16-CH-576 and

17-CH-998. Harris Bank directed its motion at the Scialabbas but not U.S. Bank. Harris Bank's notice of filing did not list U.S. Bank as a recipient of the motion.[1]

¶ 11     After various continuances, on November 28, 2018, Judge Mark Carney held a hearing on Harris Bank's motion for summary judgment. The record does not indicate U.S. Bank was present in court on this date. After the hearing, the trial court signed an order, prepared by counsel for Harris Bank, that granted Harris Bank summary judgment and a judgment of foreclosure and sale. The caption of the order listed Harris Bank as the plaintiff and James V. Scialabba, *et al.*, as the defendants. The order was affixed with both case Nos. 16-CH-576 and 17-CH-998. In addition, although Harris Bank did not name U.S. Bank as a party defendant in its complaint in case No. 16-CH-576, reference U.S. Bank or U.S. Bank's 2012 mortgage lien in its motion for summary judgment, or provide notice to U.S. Bank of its motion for summary judgment, the order of summary judgment and a judgment of foreclosure and sale was entered against both the Scialabbas and U.S. Bank.

¶ 12     The judgment of foreclosure and sale, signed by Judge Carney on November 28, 2018, listed Harris Bank as the plaintiff and James V. Scialabba, *et al.*, as the defendants. The judgment was affixed with both case Nos. 16-CH-576 and 17-CH-998. The judgment found "the material allegations of the Complaint *** [we]re true and proven." Further, the judgment was "fully dispositive of the interest of all Defendants." Unlike the order of summary judgment and a judgment of foreclosure and sale, the judgment did not reference U.S. Bank. Likewise, the judgment did not reference U.S. Bank's complaint in case No. 17-CH-998 or its 2012 mortgage lien. Instead, the judgment stated, "the Mortgage which [wa]s the subject matter of the[]

---

[1]On September 8, 2017, Harris Bank answered U.S. Bank's complaint, filed in case No. 17-CH-998. Harris Bank's answer was affixed with both case Nos. 16-CH-576 and 17-CH-998.

4

proceedings [wa]s extinguished and merged into Judgment." Judge Carney ordered a sale of the residential property with any purchaser taking "subject to any and all liens, encumbrances[,] and any existing defects in title." With respect to the termination of subordinate interests, if a sale occurred, then party defendants and nonrecord claimants with notice were "forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem" in the residential property.

¶ 13    On March 7, 2019, the residential property was sold to Barghouthi, on behalf of Mountolive, LLC, the third-party purchaser. Thereafter, Harris Bank filed a motion to confirm the sale. On March 27, 2019, the trial court, Judge Roger Rickmon, filed an order stating, "[a]ny party that wishes may file a reply/response to motion [to confirm sale] or response." The caption of the order listed Harris Bank as the plaintiff and "Scialabba *et al.*" as the defendants. The order was affixed with both case Nos. 16-CH-576 and 17-CH-998. The order, but not the clerk's docket entry, indicated U.S. Bank's counsel was present in court.

¶ 14    On May 15, 2019, Judge Rickmon entered an order confirming the sale of the residential property to Mountolive, LLC, by Barghouthi. The caption of the order listed Harris Bank as the plaintiff and James V. Scialabba, *et al.*, as the defendants. The order was affixed with both case Nos. 16-CH-576 and 17-CH-998. Judge Rickmon found the sale conformed with the judgment of foreclosure and sale and statutory notice requirements. The order was enforceable against "all party defendants named herein[,] including:" the Scialabbas. The order did not reference U.S. Bank or its 2012 mortgage lien. The record does not indicate U.S. Bank's counsel was present in court on this date.

¶ 15    On August 27, 2019, U.S. Bank requested leave to file an amended complaint in case No. 17-CH-998 to add Barghouthi as a party defendant. On September 19, 2019, Judge Rickmon granted U.S. Bank's request, *instanter*. The caption of the order listed U.S. Bank as the plaintiff

and the Scialabbas and Harris Bank, among others, as defendants. Further, the order was affixed with both case Nos. 16-CH-576 and 17-CH-998. A week later, U.S. Bank filed its amended complaint, requesting a judgment of foreclosure and sale and a finding that the named defendants had interests in the residential property that were subservient to U.S. Bank's 2012 mortgage lien.

¶ 16    On October 17, 2019, Barghouthi, acting *pro se*, filed a motion to reconsider the order granting U.S. Bank leave to file an amended complaint and to dismiss that amended complaint. Barghouthi argued U.S. Bank held a junior mortgage on the residential property and lacked standing to file its amended complaint. By granting summary judgment and a judgment of foreclosure and sale in favor of Harris Bank on November 28, 2018, Barghouthi argued the trial court determined Harris Bank, not U.S. Bank, held a superior interest in the residential property. Barghouthi alleged U.S. Bank "failed to act" in the foreclosure process.

¶ 17    On November 13, 2019, the trial court set a briefing schedule for Barghouthi's motion to reconsider and dismiss. The caption of the trial court's order listed U.S. Bank as the plaintiff and James Scialabba as the defendant. The order was affixed with both case Nos. 16-CH-576 and 17-CH-998. U.S. Bank, whose counsel was present in court, was given until December 4, 2019, to respond. U.S. Bank did not respond by that date. Instead, on December 19, 2019, U.S. Bank filed a motion for an extension of time, explaining its newly retained counsel was "researching the allegations and arguments" in Barghouthi's motion. Also on this date, Judge Theodore Jarz granted Barghouthi's motion to reconsider and dismiss by default. Judge Jarz's order listed Harris Bank as the plaintiff and the Scialabbas and U.S. Bank, among others, as the defendants. The order was affixed with both case Nos. 16-CH-576 and 17-CH-998.

¶ 18    On January 7, 2020, U.S. Bank's counsel and Barghouthi, *pro se*, attended a hearing before Judge Jarz. The trial court, for the first time, was informed of a subordination agreement

purportedly executed by Harris Bank and U.S. Bank in late 2012. After receiving arguments, which included a discussion of Harris Bank's answer to U.S. Bank's complaint in case No. 17-CH-998, Judge Jarz denied U.S. Bank's motion for an extension of time. In addition, Judge Jarz granted Barghouthi's motion to reconsider and dismiss. Judge Jarz found the trial court lacked jurisdiction, reasoning "the summary judgment was entered, the sale was ordered and completed and confirmed, *** [and] I don't think there is any question it's a final order in this case." Judge Jarz also noted, "nothing [wa]s done until several months later when a motion to amend [U.S. Bank's] complaint [wa]s filed at a point where the Court no longer had jurisdiction." A written order, consistent with these findings, was entered after the hearing. The caption of the order listed U.S. Bank as the plaintiff and "Scialabba *et al*." as the defendants. The order was affixed with both case Nos. 16-CH-576 and 17-CH-998.

¶ 19        On February 6, 2020, U.S. Bank filed a motion to reconsider the denial of its motion for an extension of time and the dismissal of its amended complaint. Construing the consolidation of case Nos. 16-CH-576 and 17-CH-998 as merely an act promoting convenience and judicial economy, without a merger of the two lawsuits, U.S. Bank argued it was not a party defendant in case No. 16-CH-576. Therefore, U.S. Bank stated it could not have its property rights terminated by the final order in that lawsuit, namely, the order confirming the sale of the residential property to Barghouthi. Further, U.S. Bank argued Harris Bank's motion for summary judgment, relating to Harris Bank's complaint in case No. 16-CH-576, was not directed at or noticed to U.S. Bank. U.S. Bank argued a "clerical error by [Harris Bank's] counsel" resulted in the inadvertent inclusion of U.S. Bank, a nonparty, in the order of summary judgment and a judgment of

7

foreclosure and sale, signed by Judge Carney. As a result, U.S. Bank argued the trial court retained jurisdiction to address its "valid and enforceable lien" in case No. 17-CH-998.[2]

¶ 20　　　On June 23, 2020, Judge Jarz held a hearing on U.S. Bank's motion to reconsider. When issuing his ruling, Judge Jarz stated, "I certainly see where the banks have concern over what appears to have very possibly been a mistake [by the parties] in drafting the summary judgment order." However, Judge Jarz believed "the proper method for relief" was a petition under section 2-1401 of the Code, 735 ILCS 5/2-1401 (West Supp. 2019). Therefore, Judge Jarz denied U.S. Bank's motion to reconsider. An order, consistent with these findings, was filed after the hearing. The order listed U.S. Bank as the plaintiff and the Scialabbas, Harris Bank, and Barghouthi, among others, as the defendants. The order was affixed with both case Nos. 16-CH-576 and 17-CH-998.

¶ 21　　　On July 23, 2020, U.S. Bank filed a timely notice of appeal.

¶ 22　　　　　　　　　　　II. ANALYSIS

¶ 23　　　On appeal, U.S. Bank challenges Judge Jarz's ruling that the trial court lacked jurisdiction to consider the merits of U.S. Bank's lawsuit, case No. 17-CH-998, against Barghouthi. At the heart of this challenge is the legal effect of Judge Lund's order granting the Scialabbas' motion to consolidate, which was filed on the grounds of convenience and judicial economy. Consolidations are addressed in section 2-1006 of the Code, which provides: "actions

---

[2]Around the time U.S. Bank filed its motion to reconsider, Harris Bank filed a motion to amend the trial court's November 28, 2018, order, granting summary judgment and a judgment of foreclosure and sale for Harris Bank, *nunc pro tunc*. Harris Bank sought to remove U.S. Bank from that order. Harris Bank confirmed it executed a subordination agreement with U.S. Bank in late 2012. Thus, Harris Bank "understood its [m]ortgage lien was subordinate to" that of U.S. Bank, which is why Harris Bank did not name U.S. Bank as a defendant in its lawsuit. For this reason, Harris Bank did not direct its motion for summary judgment at U.S. Bank. Due to "a clerical error" by Harris Bank's attorney, the order of summary judgment and a judgment of foreclosure and sale "inadvertently included U.S. Bank." On June 9, 2020, the trial court denied Harris Bank's motion to amend *nunc pro tunc*. Harris Bank did not appeal.

8

pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right." 735 ILCS 5/2-1006 (West 2016).

¶ 24        However, it is well established that not all orders of consolidation have the same legal effect on lawsuits. Importantly, Illinois courts recognize consolidations take various forms. See *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶¶ 21-22; accord *In re Marriage of Harnack and Fanady*, 2014 IL App (1st) 121424, ¶ 40 (quoting *Shannon v. Stookey*, 59 Ill. App. 3d 573, 577 (1978)); *Dowe v. Birmingham Steel Corp.*, 2011 IL App (1st) 091997, ¶ 21.

¶ 25        In some cases, the lawsuits subject to an order of consolidation "involve an inquiry into the same event in its general aspects." *Trilisky*, 2019 IL App (1st) 182189, ¶ 21. When such proceedings are consolidated, the separate lawsuits are synchronized on the court's daily calendar only as a matter of convenience and judicial economy. See *id*. ¶ 22. In other words, this type of consolidation saves the court and the parties time and resources by reducing the number of court appearances. After an order imposing this type of consolidation, the separately initiated lawsuits retain their independent identities and do not merge. See *id*. ¶¶ 21-22. Therefore, a single disposition of the issues raised in one lawsuit does not dictate the outcome of the issues unique to the other, consolidated, lawsuit. See *id*. The bundled lawsuits merely appear together on the trial court's daily docket, when necessary, and advance on the same timeline. Substantive rulings unique to one lawsuit are recorded by the clerk accordingly. See *id*. ¶ 22. Hence, the consolidation is limited to a joint trial of two pending lawsuits that otherwise retain their distinct characteristics and proceed with "separate docket entries, verdicts and judgments." *Id*. ¶ 21.

¶ 26        U.S. Bank asserts Judge Lund ordered a consolidation of the type described above. As such, U.S. Bank contends that case Nos. 16-CH-576 and 17-CH-998 did not merge into a single lawsuit but retained their independent identities. See *id*. ¶¶ 21-22. Further, U.S. Bank maintains

9

Harris Bank's counsel committed a "clerical error" when including U.S. Bank, a nonparty in case No. 16-CH-576, in the trial court's order of summary judgment and a judgment of foreclosure and sale on Harris Bank's complaint. U.S. Bank argues that "clerical error" did not truncate the trial court's jurisdiction in case No. 17-CH-998, pertaining to U.S. Bank's 2012 mortgage lien. On this basis, U.S. Bank argues the order confirming the sale of the residential property to Barghouthi in case No. 16-CH-576 was not a final order for purposes of case No. 17-CH-998, as to divest the trial court of jurisdiction after the passage of 30 days.

¶ 27    By contrast, Barghouthi maintains Judge Lund's order of consolidation merged the two cases into a single lawsuit. As alluded to above, the case law recognizes certain consolidations may extinguish the identities of the individual cases, "change[] the rights of the parties," and make "those who were parties in one suit parties in another." See *id*. ¶¶ 21-22. We emphasize that consolidations extinguishing individual lawsuits by merger arise when multiple lawsuits could have been filed together and are capable of a single, rather than piecemeal, disposition. See *id*. ¶ 21; *Dowe*, 2011 IL App (1st) 091997, ¶ 22. In this scenario, the circuit clerk documents the trial court's actions, by docket entry, in a single file that is assigned one case number. See *Trilisky*, 2019 IL App (1st) 182189, ¶ 22. As such, a final order is construed as resolving all pending issues between the parties brought together by the consolidated and merged lawsuits. See *id*. ¶¶ 21-22. Barghouthi contends, from this authority, the order confirming the sale of the residential property in case No. 16-CH-576 was a final order for purposes of case No. 17-CH-998 and U.S. Bank's 2012 mortgage lien. We disagree.

¶ 28    Here, the order of consolidation entered by Judge Lund must be construed based on the information available in the common law record at the time the Scialabbas' request for consolidation was granted. A transcript of the hearing on the motion to consolidate is not

10

contained in the record. Therefore, we focus on the allegations that the Scialabbas set forth in their motion to consolidate. The Scialabbas urged the trial court to consolidate the pending lawsuits because the "cases [we]re separate causes but ha[d] the same nature and involv[ed] the same evidence." For this reason, a consolidation was requested by the Scialabbas "[a]s [a] means of convenience to the Court and a matter of judicial economy without prejudice." See *Nationwide Mutual Insurance Co. v. Filos*, 285 Ill App. 3d 528, 532 (1996). (First District finding "the consolidation was done only for convenience and economy," such that the cases retained distinct identities and did not merge into a single lawsuit, where the motion for consolidation alleged a consolidation would serve judicial economy, convenience, and the avoidance of inconsistent results in cases involving the same parties and common questions of fact).

¶ 29        We acknowledge Judge Lund, when granting a consolidation, stated the "cases [were] to proceed under 16-CH-0576." Further, we recognize, at any time, Harris Bank could have drafted a complaint that named U.S. Bank as a lienholder and party defendant in case No. 16-CH-576. If Harris Bank had done so, case Nos. 16-CH-576 and 17-CH-998 "might have been the subject of a single proceeding" or "brought as one action" under the Illinois Mortgage Foreclosure Law. See *Dowe*, 2011 IL App (1st) 091997, ¶ 22; 735 ILCS 5/15-1501(b)(10) (West 2016). It is also relevant, after the consolidation, Harris Bank did not direct or notice its motion for summary judgment to U.S. Bank. Thus, with respect to its complaint in case No. 16-CH-576, Harris Bank clearly did not proceed with a view of adjudicating the priority of its 2005 mortgage lien against the 2012 mortgage lien of U.S. Bank. Instead, approximately a week after filing its motion for summary judgment against the Scialabbas, Harris Bank elected to address the issue of lien priority in its answer to U.S. Bank's original complaint in case No. 17-CH-998. Harris Bank's

11

approach to its lawsuit, while not outcome determinative on appeal, is consistent with our view that the consolidated lawsuits retained their independent identities and did not merge.

¶ 30        Based on our review of the common law record and the available reports of proceedings, we are persuaded by the fact that, after Judge Lund's order of consolidation, the parties and the various trial court judges, with the exception of Judge Jarz, treated case Nos. 16-CH-576 and 17-CH-998 as independent actions. Although Judge Lund ordered the cases to proceed under case No. 16-CH-576, the parties' pleadings and the trial judges' corresponding orders bore varying abbreviated case captions and both case Nos. 16-CH-576 and 17-CH-998. See *Adoption of S.G. v. S.G.*, 401 Ill. App. 3d 775, 782-83 (2010) (Fourth District finding cases had separate identities after consolidation, where, despite an order for the cases to proceed under one case number, the cases had different docket entries, the petitioners in one case were not treated as parties to the other case, and the trial court's order of dismissal addressed only the petition of one set of petitioners). In our view, the parties and the judges treated the cases as distinct and unmerged. See *Trilisky*, 2019 IL App (1st) 182189, ¶ 22 (First District finding consolidation was ordered only for convenience and economy and not for a merger into a single lawsuit, where the trial court entered "separate orders" in cases with their "respective case numbers").

¶ 31        Moreover, a close examination of the judgment of foreclosure and sale, entered by Judge Carney on November 28, 2018, indicates case Nos. 16-CH-576 and 17-CH-998 were treated as independent lawsuits. Despite Harris Bank's counsel's alleged "clerical error" in the order of summary judgment and a judgment of foreclosure and sale, the judgment of foreclosure and sale employed singular terminology that referenced "the Complaint" and "the Mortgage." The judgment found "the material allegations of the Complaint *** [we]re true and proven." Similarly, the judgment pertained only to the "the Mortgage which [wa]s the subject matter of

12

the[] proceedings." Since the trial court's order of summary judgment and a judgment of foreclosure and sale was granted on a motion directed only at Harris Bank's complaint in case No. 16-CH-576, we construe these findings as relating only to Harris Bank's complaint and its 2005 mortgage lien. The judgment of foreclosure and sale did not reference U.S. Bank's complaint in case No. 17-CH-998 or its 2012 mortgage lien, nor did the order confirming the sale to Barghouthi. These facts weigh heavily in favor of U.S. Bank's position on appeal. See *id*. (First District finding consolidation was ordered only for convenience and economy and not for a merger into a single lawsuit, where the plaintiff did not seek to file or add a party plaintiff to a consolidated amended complaint, the defendant directed its motion to dismiss against only one plaintiff's complaint, and the trial court granted a dismissal "solely on the propriety" of that plaintiff's complaint).

¶ 32        For these reasons, we conclude Judge Rickmon correctly recognized, when granting U.S. Bank's motion for leave to amend its complaint in case No. 17-CH-998, that case Nos. 16-CH-576 and 17-CH-998 retained independent identities after consolidation. In other words, after the confirmation of sale in case No. 16-CH-576, Judge Rickmon properly found that the trial court retained jurisdiction to allow U.S. Bank to file an amended complaint in case No. 17-CH-998.

¶ 33        Finally, we emphasize a contrary conclusion would potentially subvert the judgment of foreclosure and sale, entered by Judge Carney in case No. 16-CH-576, that ordered purchasers, like Barghouthi, to take the residential property "subject to any and all liens, encumbrances[,] and any existing defects in title." We are not persuaded by Barghouthi's construction of the legal effect of Judge Lund's order of consolidation, which was decided long before Barghouthi's involvement in these consolidated proceedings. In short, if we accepted Barghouthi's view on

13

appeal, then our court would potentially enable Barghouthi to avoid U.S. Bank's 2012 mortgage lien, which existed and was recorded at the time Barghouthi purchased the residential property.

¶ 34 Therefore, we reverse Judge Jarz's order, dated January 7, 2020, granting Barghouthi's motion to reconsider and dismiss U.S. Bank's amended complaint in case No. 17-CH-998 for lack of jurisdiction. We also reverse Judge Jarz's order, dated June 23, 2020, denying U.S. Bank's motion to reconsider. These consolidated cases are remanded with directions for the trial court to reinstate U.S. Bank's amended complaint in case No. 17-CH-998 and to hold further proceedings consistent with this order. This order should not be construed as expressing an opinion on the merits of U.S. Bank's amended complaint or the outcome of this litigation.

¶ 35                                III. CONCLUSION

¶ 36 The judgment of the circuit court of Will County is reversed and remanded with directions.

¶ 37 Reversed and remanded with directions.