**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230144-U

Order filed April 5, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| BMO HARRIS BANK N.A. f/k/a HARRIS BANK N.A. Successor by Merger to NLSB Bank, | ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff, | ) ) ) | Appeal No. 3-23-0144 Circuit Nos. 16-CH-576, 17-CH-998 |
| v. | ) ) | (cons.) |
| JAMES V. SCIALABBA a/k/a JAMES V. SCIALABBA, SR.; DEBRA L. SCIALABBA; KAREN SPRINGS II HOMEOWNERS ASSOCIATION; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, | ) ) ) ) ) ) | Honorable Theodore J. Jarz, Judge, Presiding. |
| Defendants. | ) ) ) ) | |
| _____ | ) ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| DEBRA L. SCIALABBA; JAMES V. SCIALABBA; BMO HARRIS BANK N.A. f/k/a HARRIS BANK N.A. Successor by Merger to NLSB BANK; KAREN SPRINGS II HOMEOWNERS ASSOCIATION; JAMAL | ) ) ) ) ) | |

BARGHOUTHI; UNKNOWN OWNERS AND )
NON-RECORD CLAIMANTS )
)
)
Defendants )
)
(BMO Harris Bank N.A., Appellant, v. )
U.S. Bank National Association and Jamal )
Barghouthi, Appellees). )
)

---

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

---

**ORDER**

*Held*: The circuit court erred in voiding a summary judgment order, judgment of foreclosure and sale, and subsequent order confirming purchase for lack of jurisdiction.

Defendant, BMO Harris Bank N.A. (BMO Harris), appeals the circuit court's order voiding its prior order granting summary judgment in BMO Harris's favor in its foreclosure action (case No. 16-CH-576), the contemporaneous judgment of foreclosure and sale of the mortgaged property, and the subsequent order confirming the sale. The court previously dismissed U.S. Bank National Association's (U.S. Bank) concurrent foreclosure action (case No. 17-CH-998) over the same property, asserting lack of jurisdiction based on BMO Harris's summary judgment award entering judgment against U.S. Bank. Our mandate reversed and remanded the cause to reinstate U.S. Bank's case and to hold further proceedings consistent with our order. *U.S. Bank National Association v. Scialabba*, 2021 IL App (3d) 200269-U, ¶ 34. We hold that the court's decision to void orders in case No. 16-CH-576 exceeded our mandate, and therefore, reverse and remand.

I. BACKGROUND

2

¶ 4    This court previously issued a Rule 23 order reversing two circuit court orders that dismissed U.S. Bank's motion for leave to file an amended complaint in Will County case No. 17-CH-998 on jurisdictional grounds and denied its motion to reconsider. *Id.*; Ill. S. Ct. R. 23 (eff. Jan. 1, 2021). Our prior order recounts the pre-appellate history of this matter more thoroughly, but we provide here the necessary facts as needed to resolve the parties' present appellate dispute. See *Scialabba*, 2021 IL App (3d) 200269-U, ¶¶ 6-21.

¶ 5    Two financial institutions entered into mortgage agreements with the then-homeowners/borrowers of the residential property subject to this litigation. The record indicates that the mortgage interest BMO Harris eventually came to possess was recorded on August 25, 2005. A separate mortgage interest that U.S. Bank later assumed was recorded on October 19, 2012.

¶ 6    In November 2012, the Will County Recorder's office recorded a subordination agreement between BMO Harris and the entity previously holding U.S. Bank's mortgage interest wherein BMO Harris subordinated its interest.

¶ 7    In 2016, BMO Harris commenced a foreclosure action in case No. 16-CH-576 under the Illinois Mortgage Foreclosure Law (735 ILCS5/15-1101 *et seq.* (West 2014)) to enforce its mortgage lien against the residential property. BMO Harris did not name U.S. Bank as a party in its complaint to foreclose the mortgage interest and made no reference to the 2012 subordination agreement therein. In 2017, U.S. Bank commenced its own foreclosure action on the property pursuant to statute in case No. 17-CH-998. BMO Harris was named as one of the party defendants in U.S. Bank's complaint and later filed its answer thereto. On August 2, 2017, the circuit court granted the borrowers' motion to consolidate the banks' foreclosure actions

3

pursuant to section 2-1006 of the Code of Civil Procedure (Code). 735 ILCS 5/2-1006 (West 2016).

¶ 8    Later in August 2017, BMO Harris filed a motion for summary judgment against the borrowers. The case caption to the motion listed one of the borrowers "James V. Scialabba" and "*et al.*" as the defendants. Meanwhile, BMO Harris filed an unsuccessful motion to sever the actions, claiming its right to a judicial decree of foreclosure was impaired through the consolidation. When BMO Harris eventually filed its reply in support of the motion for summary judgment on November 19, 2018, it identified U.S. Bank among other named party defendants. U.S. Bank was not on the service list for the initial motion but was later included on the notice of filing for BMO Harris's reply.

¶ 9    On November 28, 2018, after hearing argument, the circuit court granted BMO Harris's motion for summary judgment and judgment of foreclosure and sale. Per the court's order, it reviewed "Defendant(s)['] *** Answer and determin[ed] that said Answer, as pleaded without sufficient supporting documentation" failed to raise a genuine issue of material fact to preclude summary judgment. As the parties have recognized, based on a clerical error by BMO Harris's counsel, the order awarding summary judgment identified U.S. Bank as one of the defendants against which summary judgment was entered. Distinctly, the judgment of foreclosure and sale did not reference U.S. Bank, its concurrent foreclosure action in case No. 17-CH-998, or its 2012 mortgage lien. The judgment provided that "the Mortgage which [wa]s the subject matter of the[ ] proceedings [wa]s extinguished and merged into Judgment" and clarified that "[a]ny purchaser at the Judicial Sale [will] take[ ] subject to any and all liens, encumbrances and any existing defects in title." The record does not indicate whether U.S. Bank was present for the hearing on BMO Harris's motion for summary judgment.

4

¶ 10    Subsequently, on March 7, 2019, Mountolive, LLC, through its member Jamal Barghouthi, successfully bid on the property for the price of $100,000 through BMO Harris's foreclosure sale. Five days later, Barghouthi filed a motion to vacate the sale alleging in part that BMO Harris's false advertisement indicated there was no second mortgage against the property, and, even so, he attached the docket entry wherein the court entered summary judgment suggesting BMO Harris was the "prevailing party *** against" U.S. Bank. On May 15, 2019, the circuit court confirmed the sale, granting Mountolive, LLC possession of the property. Prior to entering its order, the court orally addressed Barghouthi's purported surprise of the second mortgage, stating "I think the burden falls on a prospective purchaser to check the public records to see what, if any, liens might be attached against the property."

¶ 11    On August 27, 2019, U.S. Bank requested leave to file an amended complaint adding the third-party purchaser, Barghouthi, as a party defendant to its respective foreclosure action. On September 19, 2019, the court granted U.S. Bank's motion, allowing U.S. Bank to file its amended complaint, *instanter*. In its amended pleading, U.S. Bank sought a judgment to foreclose its mortgage, a judicial sale, and a "finding that the interests of all named defendants are junior and subservient to the mortgage lien being foreclosed herein[.]"

¶ 12    On October 17, 2019, Barghouthi, proceeding as a self-represented litigant, responded by filing a motion to reconsider and dismiss U.S. Bank's motion for leave to amend, arguing that U.S. Bank lacked standing and its mortgage interest against the property was subordinate to BMO Harris's, as indicated by the grant of summary judgment in BMO Harris's favor in case No. 16-CH-576. In late 2019, Judge Theodore Jarz began presiding over U.S. Bank's foreclosure action. After U.S. Bank failed to appear on Barghouthi's motion, the court granted the motion to reconsider and dismissed U.S. Bank's amended complaint by default on December 19, 2019.

That afternoon, U.S. Bank filed a motion for extension of time to respond to Barghouthi's motion, explaining it had retained new counsel for the case.

¶ 13    Prior to January 2020, the court had not been informed of the 2012 subordination agreement. On January 7, 2020, U.S. Bank's motion for extension came before the court. In a written order, the court denied U.S. Bank's motion explaining that it lacked jurisdiction over U.S. Bank's foreclosure action because the order approving sale entered in case No. 16-CH-576 served as a final order for both BMO Harris's and U.S. Bank's cases thereby "resolving case No. 17-CH-998." U.S. Bank moved to reconsider the court's January 7, 2020, order, stating because it was not a named defendant in case No. 16-CH-576, the court lacked jurisdiction to enter summary judgment against it. Furthermore, U.S. Bank claimed that the court retained jurisdiction over its independent foreclosure action, case No. 17-CH-998, as the final order approving sale did not adjudicate U.S. Bank's right. After U.S. Bank's motion to reconsider was denied, it timely appealed.

¶ 14    In the interim, on January 22, 2020, BMO Harris filed a motion to amend the November 28, 2019, order for summary judgment, *nunc pro tunc*, seeking the retrospective removal of U.S. Bank from the order. It argued U.S. Bank's inclusion, and only U.S. Bank's inclusion, was an inadvertent clerical error. The court denied BMO Harris's motion on June 9, 2020, and no appeal was taken therefrom.

¶ 15                              A. Prior Appeal

¶ 16    Our July 22, 2021, disposition clarified that the circuit court's "final order" confirming sale in BMO Harris's foreclosure action did not divest the court's jurisdiction to proceed with U.S. Bank's foreclosure action. *Scialabba*, 2021 IL App (3d) 200269-U, ¶¶ 1, 31-32. We held BMO Harris's and U.S. Bank's concurrent foreclosure cases, case Nos. 16-CH-576 and 17-CH-

6

998, proceeded under independent identities, the independent nature of which remained even after the matters were consolidated, and the circuit court retained jurisdiction to allow U.S. Bank to file its amended complaint adding Barghouthi as a named party defendant. *Id.* ¶ 32. Salient findings to the determination that the consolidation did not merge the lawsuits included (1) judicial economy as the impetus behind the borrowers' motion to consolidate and (2) the parties' and the court's treatment of the cases as independent matters following consolidation. *Id.* ¶¶ 28-31.

¶ 17    The fact that BMO Harris did not name U.S. Bank as a party defendant in its complaint, as is permissible under section 15-1501 of the Illinois Mortgage Foreclosure Law and failed to direct or notice its motion for summary judgment to U.S. Bank, supported our conclusion that BMO Harris "clearly did not proceed with a view of adjudicating the priority of its 2005 mortgage lien against the 2012 mortgage lien of U.S. Bank." *Id.* ¶ 29; 735 ILCS 5/15-1501(b)(10) (West 2016). The judgment of foreclosure and sale employed singular terminology when referencing the complaint and the mortgage indicating exclusive reference to BMO Harris's foreclosure action. See *Scialabba*, 2021 IL App (3d) 200269-U, ¶ 31. We construed these findings to relate to BMO Harris's "complaint [in case No. 16-CH-576] and its 2005 mortgage lien" only. *Id.* As such, we reversed the order granting Barghouthi's motion to reconsider and dismiss U.S. Bank's amended complaint for lack of jurisdiction and also reversed the order denying U.S. Bank's motion to reconsider. *Id.* ¶ 34.

¶ 18    We remanded these consolidated cases "with directions for the trial court to reinstate U.S. Bank's amended complaint in case No. 17-CH-998 and to hold further proceedings consistent with this order." *Id.*

¶ 19                              B. Remanded Proceedings

7

¶ 20    On December 2, 2021, U.S. Bank filed a motion for order of default against Barghouthi. Barghouthi, continuing as a self-represented litigant, filed an unsuccessful motion to dismiss U.S. Bank's motion. Then, on February 2, 2022, he filed an answer to U.S. Bank's amended complaint wherein he asserted various affirmative defenses.

¶ 21    On March 1, 2022, U.S. Bank filed a combined motion for summary judgment and to strike Barghouthi's affirmative defenses pursuant to section 2-619.1 of the Code, 735 ILCS 5/2-619.1 (West 2020), which argued it had set forth a *prima facie* case for foreclosure and Barghouthi failed to prove an affirmative defense. Barghouthi filed his response in early April, a portion of which argued that the summary judgment order entered against U.S. Bank remained in full effect after the issuance of our mandate. U.S. Bank filed its reply later that month.

¶ 22    In May, while its summary judgment motion against Barghouthi was pending, U.S. Bank filed a motion for judgment of foreclosure and sale and a separate motion for summary judgment against BMO Harris. On May 17, 2022, the court heard arguments on U.S. Bank's motion for summary judgment against Barghouthi. Thereafter, the court entered a briefing schedule for the parties to file additional briefs. While the transcript from this hearing was not provided on appeal, email correspondence from the court to the parties stated that based on issues presented at the hearing a "further hearing [was] needed with regard to whether or not the order confirming sale in 16[-]CH[-]576 can and should be vacated" and set a hearing date to address this issue. The same was stated in a contemporaneous written order that further clarified it was the court's own motion to conduct an additional hearing.

¶ 23    On May 23, 2022, BMO Harris filed a memorandum arguing that vacating the order confirming sale was time barred as it was entered over three years prior. 735 ILCS 5/2-1401(c) (West 2020). In a supplemental memorandum, BMO Harris contended that the court could

correct the summary judgment order *nunc pro tunc* while maintaining that the entire order was not subject to vacatur. U.S. Bank also advocated for the correction of the summary judgment order *nunc pro tunc* in its memorandum, whereas Barghouthi's memorandum submitted that the order cannot be corrected, in part, because BMO Harris's counsel—and not the court—committed the clerical error.

¶ 24 Following a hearing, the court entered an order on September 26, 2022, finding the order confirming the sale to Mountolive, LLC was void. To reach this result, the court interpreted the *Scialabba* ruling and our identification of the independent identities of the foreclosure cases to conclude that it did not have jurisdiction over U.S. Bank to enter summary judgment against it. Further, a prospective purchaser at the sale of the property, even after a thorough inspection of the recorder's office records, would "likely conclude" that the court's award of summary judgment against U.S. Bank indicated BMO Harris held a superior lien status.

¶ 25 It further stated, "as the Appellate Court has now ruled, the summary judgment of foreclosure against U.S. Bank is void for lack of jurisdiction," and, as such, any subsequent order based on that order is also void. Thus, in the circuit court's view, the November 28, 2018, summary judgment order and judgment of foreclosure of sale, the March 7, 2019, foreclosure sale itself, and the May 15, 2019, confirmation of sale were void. According to the court, "it appears most logically that [the court] intended to enter the summary judgment order as presented. Under the circumstances at the time of entry there was no error or omission by the Court."

¶ 26 Further, it held that the remedy sought by the plaintiffs—a *nunc pro tunc* correction omitting U.S. Bank from the November 28, 2018, summary judgment order—was inappropriate

9

as such an order cannot be "used to cure a jurisdictional defect, supply omitted judicial actions, or correct a judicial error under the pretense of correcting a clerical error."

¶ 27    It directed BMO Harris to refund the purchase money paid and clarified that Mountolive, LLC and Barghouthi acquired no interest in the property. It concluded that the cases would prospectively be consolidated for "all further purposes going forward" and directed that "all parties proceed to final hearing on any final judgment issues" the parties perceived as unaddressed within 30 days of the order and would "thereafter proceed towards a judgment of foreclosure and sale and order confirming a sale that will be binding and final for all parties."

¶ 28    On October 25, 2022, BMO Harris filed a motion to reconsider arguing the court misapprehended our mandate, as we did not make a holding or finding pertaining to its foreclosure action in 16-CH-576. Similarly, BMO Harris argued that the court was not divested of its jurisdiction through the inclusion of U.S. Bank in the summary judgment order and further asserted the court may correct the clerical error. On January 9, 2023, the court denied BMO Harris's motion to reconsider.

¶ 29    BMO Harris then filed a motion for the court to make a special finding pursuant to Illinois Supreme Court Rule 304(a) on February 8, 2023. Ill. S. Ct. R. 304(a) (eff. March 8, 2016). After briefing on the issue, the court granted BMO Harris's motion over U.S. Bank's objection on April 4, 2023.

¶ 30    BMO Harris timely appealed.

¶ 31                                    II. ANALYSIS

¶ 32    On appeal, BMO Harris argues that the circuit court's determination to vacate the foreclosure sale of the mortgaged property was in error, as it went beyond the specific instruction of our mandate. The extent of our prior mandate, BMO Harris asserts, was nothing more than a

10

finding that the lower court retained jurisdiction over U.S. Bank in its respective foreclosure action. BMO Harris also contends that the circuit court had both subject matter and personal jurisdiction in BMO Harris's action against the named parties to case No. 16-CH-576 and, as such, the circuit court's judgments as to those parties were valid and the confirmation of sale should stand. Barghouthi argues in support of the circuit court's ruling. U.S. Bank takes no position as to whether the circuit court properly vacated the foreclosure sale.

¶ 33        "It is well recognized that a reviewing court's mandate vests a trial court with jurisdiction only to take action that complies with the reviewing court's mandate." *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 44. A circuit court does not have "the authority to exceed the scope of the mandate and must obey precise and unambiguous directions on remand." *Id.* We review the correctness of a circuit court's action on remand based on the direction of the appellate court mandate, as opposed to the appellate court opinion. See *id.* However, where the mandate directs action in conformity with the opinion, the content of the opinion is significant. *Id.*

¶ 34        "After a remand, the trial court is required to exercise its discretion within the bounds of the remand. Whether it has done so is a question of law." *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 351 (2002). We review questions of law *de novo*. *Benson v. Abbott*, 326 Ill. App. 3d 599, 600 (2001), *as modified on denial of reh'g* (Jan. 22, 2002).

¶ 35        BMO Harris's argument that the November 28, 2018, summary judgment order was valid as to the homeowners is premised on its assertion that the circuit court retained jurisdiction to enter the order as to the named parties to case No. 16-CH-576. To render a valid judgment, the court must have jurisdiction over the subject matter of the litigation and personal jurisdiction over the parties. See *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). Courts obtain personal jurisdiction over a party by the party's "general appearance or by service of

11

process as statutorily directed." See *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989). A judgment rendered without "jurisdiction over the parties is void and may be attacked and vacated any time, either directly or collaterally." *Id.* Similarly, without jurisdiction "any subsequent judgment of the court is rendered void and may be attacked collaterally." *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). However, "[w]here parts of an order are clearly separable, only that part which is in excess of the authority granted to the court is void." *Shanklin v. Hutzler*, 294 Ill. App. 3d 659, 665 (1997) (citing *Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.*, 83 Ill. App. 2d 320, 335 (1967)). Whether the circuit court obtained personal jurisdiction is reviewed *de novo*. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17.

¶ 36    Our prior holding certified the circuit court's jurisdiction to adjudicate U.S. Bank's foreclosure interest in case No. 17-CH-998. Implicitly, the circuit court also retained jurisdiction over BMO Harris's action in case no. 16-CH-576 as an "independent lawsuit[ ]." *Scialabba*, 2021 IL App (3d) 200269-U, ¶ 31. Importantly, the circuit court did not possess jurisdiction over U.S. Bank in BMO Harris's action. It is well-recognized that "[a] court does not have jurisdiction over a party where leave is not granted to amend the complaint to add that party." *Stichauf v. Cermak Road Realty*, 236 Ill. App. 3d 557, 564 (1992). Indeed, "orders entered by a court without jurisdiction over *** a party *** are ordinarily void *ab initio*." *In re Marriage of Breslow*, 306 Ill. App. 3d 41, 50 (1999). Further, a party must recover based upon the judgment sought within his or her pleadings. *Veach v. Stegmeyer*, 233 Ill. App. 559, 564 (1924) ("[A] complainant must recover on the case made by his bill"). As such, the court lacked jurisdiction to render summary judgment against U.S. Bank in case No. 16-CH-576. This does not, however, justify the court's voiding the entirety of the summary judgment order. We believe the order is

12

separable as to the defendants listed in the summary judgment order. *Shanklin*, 294 Ill. App. 3d at 665. In other words, while the summary judgment order may be void as to U.S. Bank, this does not mean that it is void in its entirety. See *Filosa v. Pecora*, 18 Ill. App. 3d 123, 128, 130 (1974) (reversing circuit court order vacating consent decree where the portions of the decree disposing of property rights for individuals who were not parties to the suit were clearly separable and it was evident that the court possessed jurisdiction over the subject matter and named party defendants).

¶ 37 Contrary to the circuit court's findings and the circumstances presented in *Harreld v. Butler*, the record supports that the inclusion of U.S. Bank in the summary judgment order was clerical error. 2014 IL App (2d) 131065, ¶ 14 (finding omission of Illinois Supreme Court Rule 304(a) language from order was an omitted judicial action, not a clerical error). Clerical errors are defined as "errors, mistakes or omissions which are not the result of judicial function." *Dauderman v. Dauderman*, 130 Ill. App. 2d 807, 810 (1970). In distinguishing between a clerical and judicial error, we place less import on the source and more "upon whether it was the deliberate result of judicial reasoning and determination." *Id.*

¶ 38 The circuit court's determination that there was "no error or omission" by U.S. Bank's inclusion in the summary judgment order is in conflict with both our mandate and the record before us. U.S. Bank was not a named party defendant to BMO Harris's foreclosure action in case No. 16-CH-576. Accordingly, it did not file an appearance or pleading in that matter. In the summary judgment order, however, the court provided that it reviewed and rejected "Defendant(s)[']" answer. The Scialabbas, the borrowers and named defendants whom BMO Harris directed its complaint against, were the only parties to answer the complaint in case No. 16-CH-576. As we noted in *Scialabba*, the judgment of foreclosure and sale which was

contemporaneously entered with the summary judgment order, employed singular terminology that referenced "the Complaint" and "the Mortgage" suggesting a judgment limited to BMO Harris's foreclosure action. *Scialabba*, 2021 IL App (3d) 200269-U, ¶ 31. Because the court granted summary judgment and judgment of foreclosure and sale on a motion arising from BMO Harris's complaint in case No. 16-CH-576, our decision "construe[d] these findings as relating only to [BMO Harris's] complaint and its 2005 mortgage lien." *Id.* Correcting U.S. Bank's erroneous inclusion in the summary judgment order *nunc pro tunc* would have been an appropriate means to have the final judgment of sale conform with the actual judgment of the court. *Breslow*, 306 Ill. App. 3d at 50 (1999).

¶ 39        We recognize the circuit court's concern regarding the potential confusion to prospective purchasers, including Barghouthi, that may have resulted from the summary judgment order. A fundamental precept for those purchasing real estate is that they may rely upon the public records of conveyances and instruments affecting the title "unless he [or she] has notice, or is chargeable in some way with notice, of a claim, estate, or interest consistent therewith." *Bullard v. Turner*, 357 Ill. 279, 283 (1934). However, the circuit court had earlier weighed and rejected Barghouthi's argument about BMO Harris's purported failure to advertise the second mortgage before entering its May 2019 confirmation of sale. Then, it had explained it was Barghouthi's burden as the prospective purchaser to review the public records for lienhold interests.

¶ 40        We hold that, in light of our mandate, the circuit court's decision to vacate the summary judgment order in its entirety in BMO Harris's foreclosure action was in error. Similarly, the court erred in vacating any orders premised upon the summary judgment order, including judgment of foreclosure and sale and the confirmation of that sale. Based on the foregoing, we conclude that the court acted contrary to the law by voiding the summary judgment order in case

14

No. 16-CH-576. Accordingly, we conclude that the court's determination to void the November 28, 2018, order, the contemporaneous judgment of foreclosure and sale, and the subsequent confirmation of sale on remand was not in accordance with our mandate. *Scialabba*, 2021 IL App (3d) 200269-U, ¶ 31.

¶ 41                                        III. CONCLUSION

¶ 42          The judgment of the circuit court of Will County is reversed and remanded with directions.

¶ 43          Reversed and remanded with directions.