2023 IL App (1st) 230161-U

FOURTH DIVISION
Order filed: July 27, 2023

Nos. 1-23-0161

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| MA REBAR SERVICES, INC., IHC CONSTRUCTION | ) | No. 19 CH 7309 |
| COMPANIES, LLC, and WAYNE KELLY McCLURE, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (MA Rebar Services, Inc., and IHC Construction | ) | Celia G. Gamrath, |
| Companies, LLC, Defendants-Appellants). | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Insured failed to comply with the terms of an insurance policy notice provision requiring "immediate" notice of any claims when the insurer did not receive notice of a lawsuit against the insured until six months after service of the complaint on the insured.

¶ 2     IHC Construction Companies, LLC ("IHC") and MA Rebar Services, Inc. ("MA Rebar"), appeal a final summary judgment entered in favor of Westfield Insurance Company ("Westfield") in Westfield's declaratory judgment action against IHC, MA Rebar, and Wayne McClure. The judgment declared that IHC failed to provide timely notice to Westfield of McClure's claims against IHC and that Westfield was, therefore, not required to provide IHC with coverage for the claims. We find no error in the circuit court's ruling and affirm the final judgment.

¶ 3     The facts relevant to the disposition of this appeal are not in dispute. They show that in 2016 IHC was the general contractor for a municipal construction project ("the Project") and that IHC had hired MA Rebar as a subcontractor on the Project. As a condition of its subcontract, MA Rebar was required to obtain $2 million of general liability insurance and $8 million of umbrella liability insurance. The subcontract also required MA Rebar to list IHC as an additional insured on those policies. In accordance with the subcontract, MA Rebar obtained the required insurance from Westfield and provided IHC with a certificate of insurance confirming such compliance.

¶ 4     In July 2016, Wayne McClure filed a worker's compensation claim against MA Rebar regarding injuries that he sustained in an accident at the Project. McClure and MA Rebar reached a settlement on the worker's compensation claim, culminating in a payment to McClure on June 4, 2018.

¶ 5     On June 12, 2018, McClure filed a complaint against IHC alleging that he was injured as a result of IHC's negligence while working on the Project as an employee of MA Rebar. IHC promptly notified its insurance carrier, Hartford Insurance Company, of the suit, but it did not provide any notice to Westfield at that time. In July 2018, IHC filed a motion to dismiss McClure's

complaint. After the circuit court denied the motion in October 2018, IHC filed a third-party complaint against MA Rebar seeking indemnification and contribution.

¶ 6     Approximately three months later, on January 31, 2019, MA Rebar notified Westfield of IHC's third-party complaint against it. Westfield then filed the instant two-count declaratory judgment action seeking declarations (1) that it has no duty to defend and indemnify MA Rebar and (2) that it owed no coverage obligation to IHC due to the six-month delay between the time that IHC learned of the McClure lawsuit and the time that Westfield received notice of the suit. In July 2020, MA Rebar filed a counterclaim for a contrary declaratory judgment against Westfield, which IHC joined. In September 2020, the circuit court granted a partial judgment on the pleadings in favor of Westfield on Westfield's first count. No party has appealed that order and count two is not at issue in this appeal.

¶ 7     Over the course of the second half of 2022, the parties briefed cross-motions for summary judgment on count two of the complaint and the related counterclaim. After hearing argument from the parties, the circuit court issued a final order granting Westfield's motion for summary judgment and denying IHC and MA Rebar's cross-motion. IHC and MA Rebar each filed separate appeals (Nos. 1-22-0507, 1-22-0513) from that judgment, which this court consolidated.

¶ 8     This court dismissed the consolidated appeals for want of jurisdiction by reason of the still pending claims against McClure and remanded the matter back to the circuit court. *Westfield Insurance Co. v. MA Reba Inc, et al.,* 2023 IL App (1st) 220507-U. On remand, Westfield moved to dismiss McClure. That motion was granted, and this appeal followed.

¶ 9     A motion for summary judgment may be granted where the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2022). When the parties file cross-motions for summary judgment, "only a question of law is raised, and our decision is based upon the record as a matter of law." *County of Lake ex rel. Lake County Stormwater Management Comm'n v. Fox Waterway Agency*, 326 Ill. App. 3d 100, 104 (2001) (citing *American Family Mutual Insurance Co. v. Chiczewski,* 298 Ill. App. 3d 1092, 1094 (1998)). Accordingly, we review an order granting summary judgment *de novo*. *Unique Insurance Co. v. Tate*, 2022 IL App (1st) 210491, ¶ 15.

¶ 10    The focus of the present dispute is IHC's compliance with a notice requirement in MA Rebar's insurance policy with Westfield, for which IHC was listed an additional insured. Accordingly, our review of this appeal requires consideration of the policy language. "When construing the language of an insurance policy, a court is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy." *Country Mutual Insurance Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 311 (2006) (citing *Central Illinois Light Co. v. Home Insurance Co.,* 213 Ill. 2d 141, 153 (2004)). The relevant policy language in this case provides that an insured is required to "[i]mmediately send [Westfield] copies of any demands, notices, summonses or legal papers received in connection with [a] claim or 'suit.' " " 'Immediate' in this context 'has been uniformly interpreted to mean within a reasonable time, taking into consideration all the facts and circumstances.' " *Zurich Insurance Co. v. Walsh Construction Co. of Illinois, Inc.*, 352 Ill. App. 3d 504, 512 (2004) (quoting *Kenworthy v. Bituminous Casualty Corp.,* 28 Ill. App. 3d 546, 548 (1975)).

¶ 11    When determining whether a party has provided notice in a reasonable time, Illinois courts have considered five factors: "(1) the specific language of the policy's notice provision;

(2) the insured's sophistication in commerce and insurance matters; (3) the insured's awareness of an event that may trigger insurance coverage; (4) the insured's diligence in ascertaining whether policy coverage is available; and (5) prejudice to the insurer." *West American Insurance Co. v. Yorkville National Bank*, 238 Ill. 2d 177, 185–86 (2010) (citing *Livorsi Marine,* 222 Ill. 2d at 313). Although the issue of what constitutes a reasonable amount of time in a particular case is usually a question of fact, when there is no dispute as to the material facts underlying each of the five *Livorsi Marine* factors the ultimate question of timeliness may be decided on summary judgment as a matter of law. See *Berglind v. Paintball Business Ass'n*, 402 Ill. App. 3d 76, 86 (2010); *Northbrook Property & Casualty Insurance Co. v. Applied Systems, Inc.*, 313 Ill. App. 3d 457, 465 (2000).

¶ 12     The circuit court below applied the undisputed facts of the case to the five *Livorsi Marine* factors and determined that IHC's notice to Westfield was untimely because IHC had not provided a justifiable excuse for its three- to six-month delay in notifying Westfield of McClure's claim, thus entitling Westfield to deny coverage to IHC under MA Rebar's policy. We reach the same conclusion.

¶ 13     We have already touched on the first *Livorsi Marine* factor, the specific language of the policy's notice provision. But again, the policy requires that an insured "immediately" provide Westfield with notice of any claim, a term that Illinois courts have interpreted to mean "within a reasonable time." See *Zurich*, 352 Ill. App. 3d at 512.

¶ 14     Second, we must examine the insured's sophistication in commerce and insurance matters. The facts show that IHC is a general contractor with sufficient experience and standing to have been awarded a contract to oversee a construction project at a municipal water

reclamation plant. IHC also demonstrated a degree of sophistication in insurance matters when it required MA Rebar to obtain multi-million-dollar general-liability and umbrella insurance policies with IHC listed as an additional insured, as well as by the fact that it knew to provide notice to its own insurer, Hartford, immediately upon receiving service of the McClure complaint. See *Hartford Casualty Insurance Co. v. ContextMedia, Inc.*, 65 F. Supp. 3d 570, 581 (N.D. Ill. 2014) ("Most indicative of ContextMedia's sophistication is the fact that it promptly notified Hartford when HAN eventually brought suit.") (applying Illinois law). Further, by the time that it filed its motion to dismiss in the McClure case in July 2018, IHC was represented by counsel specializing in, among other things, products liability law, tort law, securities litigation, construction defects, and commercial litigation, thereby charging IHC with an additional degree of sophistication. See *Sentinel Insurance Co., Ltd. v. Cogan*, 202 F. Supp. 3d 831, 839 (N.D. Ill. 2016) ("Lawyers are routinely found to be sophisticated in commercial and insurance matters simply by virtue of their profession.") (applying Illinois law). Accordingly, this factor weighs against IHC.

¶ 15    Third, we consider the insured's awareness of an event that may trigger insurance coverage. In this case, IHC was aware that it was named as an additional insured on MA Rebar's insurance policies because it in fact required MA Rebar to list it as such and because MA Rebar provided IHC with a certificate of insurance confirming MA Rebar's acquisition of the policy. Further, IHC should have been aware in June 2018 that its coverage under MA Rebar's insurance policy with Westfield might have been triggered when IHC was served with McClure's complaint, which alleged that McClure was an MA Rebar employee and that IHC's negligence during that employment caused McClure's injuries. IHC argues that it did not have a copy of

MA Rebar's Westfield policy and, therefore, did not know about the policy's notice provision, but, as we have discussed, IHC is a sophisticated entity represented by counsel experienced in commercial litigation, and IHC had provided prompt notice to its own insurer, showing an awareness that there might have been a notice requirement in the Westfield policy. At the very least, IHC was sophisticated and informed enough to ask MA Rebar or Westfield about the policy's particular requirements. Accordingly, this factor likewise weighs against IHC.

¶ 16        As for the fourth factor, the insured's diligence in ascertaining whether policy coverage is available, the summary judgment evidence shows that IHC was not diligent in pursuing coverage from Westfield. As mentioned in discussion of the previous factor, IHC should have known as early as June 2018 that its coverage as an additional insured under MA Rebar's policy with Westfield might have been available for McClure's claims. Yet Westfield was not notified about the claim for more than six months.[1] IHC asserts that the delay was warranted while it sought dismissal of McClure's suit, with IHC reasoning that dismissal would have negated the need for Westfield's insurance coverage. But even if we accept that argument, that still would not account for the three-month delay from the time that the motion to dismiss was denied in October 2018 to the time that Westfield was first informed of the claim at the end of January 2019. This lack of diligence is even more starkly evident when compared to IHC's

---

[1] It is unclear from the pleadings and summary judgment evidence whether IHC ever directly provided notice of the McClure suit to Westfield. But for the purposes of the issues in this case that is immaterial, as it is undisputed that Westfield received actual notice of the McClure suit from MA Rebar on January 31, 2019. See *Yorkville*, 238 Ill. 2d at 189 (" 'Where the insurance company has actual notice of the loss or receives the necessary information from some other source, there is no prejudice to the insurer from the failure of the insured to give notice of the claim.' " (quoting *McLaughlin v. Attorneys' Title Guaranty Fund, Inc.,* 61 Ill. App. 3d 911, 917 (1978))).

prompt notification of its own insurance carrier, Hartford, when it received service of McClure's complaint in June 2018. Regardless of whether we view the delay as having been three months (from the denial of the motion to dismiss) or six months (from service of McClure's complaint), we agree with the circuit court that IHC showed a lack of diligence in exploring the availability of coverage with Westfield. See *INA Insurance Co. of Illinois v. City of Chicago*, 62 Ill. App. 3d 80, 83 (1978) (finding a lack of diligence when the insured "made no effort to ascertain whether coverage was available for the accidents until 16 months after the accidents and over three months after the injured parties commenced suit"); *Charter Oak Fire Insurance Co. v. Snyder*, 22 Ill. App. 3d 350, 356 (1974) (finding that an unexcused delay of four months showed a lack of diligence).

¶ 17 The final *Livorsi Marine* factor is whether there has been any prejudice to the insurer. However, our examination of the prior factors renders consideration of this factor moot. This is because "once it is determined that the insurer did not receive reasonable notice of an occurrence or a lawsuit, the policyholder may not recover under the policy, regardless of whether the lack of reasonable notice prejudiced the insurer." *Livorsi Marine*, 222 Ill. 2d at 317. Indeed, "even if there is no prejudice to the insurer, a policyholder still must give reasonable notice according to the terms of the insurance policy." *Livorsi Marine*, 222 Ill. 2d at 316–17. And in this case the prior factors lead us to conclude that IHC did not provide Westfield with reasonable notice of the McClure lawsuit.

¶ 18 IHC failed to provide Westfield with notice of the suit for six months after it received service of the complaint. IHC's only justification for the delay in providing notice is that it was attempting to negate the need for insurance coverage by seeking dismissal of the case, but that

does not justify the delay. Westfield was entitled to be informed of the suit "immediately," precisely to allow it to participate in defense actions like motions to dismiss. See *Applied Systems,* 313 Ill. App. 3d at 464–65 ("A notice of suit requirement in a policy serves the purpose of enabling the insurer to conduct a timely and thorough investigation of the insured's claim (citation), as well as to locate and participate in the defense of the insured."). IHC denied Westfield that contractual right by withholding notice while pursuing the motion to dismiss. But even if we were to accept that argument for an initial delay (which we do not), IHC still does not have a justification for the further three-month delay following the denial of its motion to dismiss. And we do not view the notice that followed an unexcused three-month delay as having been "immediate" or "within a reasonable time."

¶ 19      Accordingly, we affirm the summary judgment entered by the circuit court, declaring that IHC failed to comply with the notice provision in Westfield's policy with MA Rebar and that Westfield, therefore, does not owe a coverage obligation to IHC or MA Rebar under its policy of insurance for the McClure claims.

¶ 20      Affirmed.